STATE OF NORTH CAROLINA v. JAMES H. THOMPSON

No. 725SC560

(Filed 30 August 1972)

1. Criminal Law § 23— plea of guilty — finding of voluntariness supported by evidence

In a prosecution for forgery and uttering forged instruments, the trial court's adjudication that the defendant's pleas of guilty were freely, understandingly and voluntarily entered was fully supported by the evidence.

2. Criminal Law § 23— plea of guilty — question presented on appeal

Defendant's voluntary plea of guilty to charges of uttering forged instruments obviated the necessity of proof by the State, and his appeal presented for review only whether the indictment charged an offense punishable under the Constitution and law.

3. Criminal Law § 140— consecutive sentences — certainty of judgment

Defendant's contention that the sentence imposed lacked the degree of certainty required of judgments in criminal cases was untenable where the record clearly disclosed that it was the intention of the trial judge that the sentence imposed was to commence "at the expiration of the sentence the defendant is now serving."

APPEAL by defendant from *Blount, Judge,* 28 February 1972 Session of Superior Court held in NEW HANOVER County.

The defendant James H. Thompson was charged in three two-count bills of indictment, proper in form, with forgery and uttering forged instruments. The defendant, represented by counsel, pleaded guilty to the count charging uttering a forged instrument in each bill of indictment. From a judgment imposing a prison sentence of 5 to 7 years in each case, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Roy A. Giles, for the State.*

*Jeffrey T. Myles for the defendant appellant.*

HEDRICK, Judge.

[1] The defendant first asserts the Court erred "in failing to explain to the defendant the charges of uttering a forged instrument and in failing to make sure that he understood all the elements of this charge." This contention challenges the trial court's adjudication that the defendant's pleas of guilty were freely, understandingly, and voluntarily entered. The record reveals that the defendant signed the "transcript of plea" contained in the record and that the trial judge, after the defendant was sworn to tell the truth, made careful inquiry of the defendant regarding his pleas of guilty. The record is replete with evidence to support the adjudication that the defendant's pleas of guilty were in fact freely, understandingly, and voluntarily given. *State v. Hunter,* 11 N.C. App. 573, 181 S.E. 2d 752 (1971); *State v. Hunter,* 279 N.C. 498, 183 S.E. 2d 665 (1971); cert. den. 31 L.Ed. 2d 249 (1972); *State v. Cadora,* 13 N.C. App. 176, 185 S.E. 2d 297 (1971). This contention is meritless.

[2] Next, the defendant contends "that the trial Judge erred in entering judgment against the defendant on three charges of Uttering a Forged Instrument in that the State had failed to prove that the defendant had uttered a forged instrument."

Defendant's voluntary plea of guilty obviated any necessity of proof by the State, and when such plea was entered, his appeal presents for review only whether the indictment

charges an offense punishable under the Constitution and law. *State v. Wynn,* 278 N.C. 513, 180 S.E. 2d 135 (1971) ; *State v. Cadora, supra.* In this case the record affirmatively shows the defendant freely and understandingly pleaded guilty to three valid charges of uttering forged instruments and the prison sentences imposed are within the limits prescribed for a violation of the statute, G.S. 14-120. This assignment of error has no merit.

[3]   In his fifth assignment of error, "defendant respectfully contends, that based upon the North Carolina Supreme Court decision in *In re Swink,* 243 N.C. 86, 89 S.E. 2d 792 (1955), the sentence imposed in 72CR1586 lacks the degree of certainty required of judgments in criminal cases." The case of *In re Swink, supra,* is factually distinguishable and is not controlling. In *In re Smith,* 235 N.C. 169, 172, 69 S.E. 2d 174, 175 (1952), it is stated:

> " 'When a term of imprisonment is still unexpired, the prisoner being in custody, the proper course at common law is to appoint the second imprisonment to begin at the expiration of the first, to be specifically referred to in the sentence; and a sentence to this effect, when the prior imprisonment is specified, is sufficiently exact.' Whart. Criminal Law, 10th Ed., p. 2307; 24 C.J.S. 107; 15 Am. Jur. 123; Anno. 70 A.L.R. 1511 *et seq.; In re Black* . . . [162 N.C. 457, 78 S.E. 273] ; *State v. Cathey,* 170 N.C. 794, 87 S.E. 532; *State v. Duncan* . . . [208 N.C. 316, 80 S.E. 595] ; *In re Parker* . . . [225 N.C. 369, 35 S.E. 2d 169]."

In *State v. Lightsey,* 6 N.C. App. 745, 746, 171 S.E. 2d 27, 29 (1969), this Court held that the imposition of sentence "to begin at the expiration of any and all sentences the defendant is now serving in the North Carolina Department of Correction" clearly indicated the intent of the trial judge that the sentences of defendant be served consecutively without resort to evidence *aliunde.* In the present case, without resorting to evidence *aliunde,* the record clearly discloses that it was the intention of the trial judge that the prison sentence imposed in case number 72CR1586 was to commence "at the expiration of the sentence the defendant is now serving." This assignment of error is overruled.

The defendant has other contentions which we have considered and find without merit. The defendant had a fair trial free from prejudicial error.

No error.

Judges BROCK and MORRIS concur.