STATE OF NORTH CAROLINA v. TONY RICHARDSON AND ERNEST FRED RICHARDSON

No. 826SC794

(Filed 15 March 1983)

Criminal Law § 181.3— accepting plea of no contest without informing of mandatory minimum sentence—vacating defendants' pleas improper

Even though the trial judge accepted defendants' pleas of no contest to the charges of armed robbery without informing them of the mandatory minimum sentence, their ignorance of that fact could not have reasonably affected their decision to plead no contest to the charge of armed robbery and the trial court erred in vacating their pleas where the evidence tended to show that defendants' attorney had obtained information from the trial judge that the likely sentence imposed upon their pleas would be 30-40 years, and the attorney had told the defendants of that probability; that the record revealed that the trial judge questioned each defendant regarding the voluntariness of their pleas, and each stated their plea was given voluntarily; and that each defendant also answered that he understood he could be in prison for life. G.S. 15A-1022(a)(6).

ON Certiorari to review the order of *Morgan, Judge,* entered on 19 February 1982 in Superior Court, HALIFAX County. Heard in the Court of Appeals 8 February 1983.

In October 1977 the defendants were charged in proper bills of indictment with armed robbery. On 10 October 1977 defendants pleaded no contest to the charges of armed robbery, and the trial judge entered judgments imposing prison sentences of thirty-five years.

On 16 October 1981 each defendant filed a Motion for Appropriate Relief alleging his plea had not been voluntarily entered because he was not informed by the trial court of the mandatory minimum sentence applicable to his offense at the time of the commission of his crime. After making findings of fact at a plenary hearing on the defendants' motions, Judge Morgan allowed the motions and vacated defendants' pleas on grounds that N.C. Gen. Stat. § 15A-1022(a)(6) prohibits a superior court judge from accepting a plea of no contest without informing the accused of the mandatory minimum sentence applicable to the offense.

From an order vacating defendants' pleas, the State petitioned for a Writ of Certiorari which was allowed by this Court on 4 May 1982.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Marilyn R. Rich for the State.*

*Loflin & Loflin, by Robert S. Mahler and Thomas F. Loflin III for the defendants, appellees.*

HEDRICK, Judge.

The sole issue before this Court is whether the trial court erred in allowing defendants' motions and vacating their pleas where defendants entered pleas of no contest to charges of armed robbery without having been informed of the mandatory minimum sentence as required by N.C. Gen. Stat. § 15A-1022(a)(6). The defendants argue that the trial court must comply strictly with the statute because a defendant cannot be said to have voluntarily given his plea unless he has knowledge of the applicable mandatory minimum sentence. The State contends that even though the defendants were not informed of the mandatory

minimum sentence the defendants were not prejudiced in any way. We agree.

N.C. Gen. Stat. § 15A-1022(a)(6) states in part:

(a) . . . a superior court judge may not accept a plea of guilty or no contest from the defendant without first addressing him personally and:

(6) Informing him of the maximum possible sentence on the charge, including that possible from consecutive sentences, and of the mandatory minimum sentence, if any, on the charge.

At the plenary hearing the court made the following findings of fact:

1. The petitioners were charged with Robbery with a Firearm allegedly occurring on the 25th day of August, 1977, were arrested on August 26, 1977, and were afforded a Preliminary Hearing in the District Court of Halifax County on December 13, 1977.

2. The petitioners were represented by their court appointed attorney, Honorable H. P. McCoy, Jr., Judge of District Court, then a practicing attorney.

3. The petitioners were indicted by the Grand Jury of Halifax County on October 10, 1977.

4. The practice of trial counsel for the plaintiffs was to inform his clients of the minimum and maximum sentences for the offenses with which they were charged; however, trial counsel for the petitioners has no independent recollection of discussing with and advising these petitioners of the mandatory minimum sentence in these cases at any time.

5. On October 10, 1977, the petitioners entered a plea of no contest to Robbery with a Firearm and were sentenced to thirty-five years in the state's prison by the Honorable Robert L. Gavin, Judge of Superior Court. The petitioners were examined under oath at that Sentencing Hearing as to the voluntariness of their pleas.

6. Neither the Transcript of Plea nor the trial transcript relating to either of the petitioners indicates that the peti-

tioners were informed of the mandatory minimum sentence of five [seven] years under North Carolina General Statute 14-87 at the time of this offense. Thus the record is devoid of evidence and silent as to whether, in fact, the petitioners were advised by the court or counsel that there was a mandatory minimum sentence in their cases. Neither counsel nor the trial court at the Sentencing Hearing was focusing on the mandatory minimum sentence.

7. The petitioners had no independent knowledge of the provision in the Armed Robbery Statute at that time that five [seven] years was the mandatory minimum sentence.

8. According to the petitioners, if they had known that five [seven] years was then the mandatory minimum sentence, the petitioners would not have given up their right to plead not guilty and be tried by a jury. There is believable evidence that the petitioners knew before their pleas of no contest were entered and accepted that other defendants being tried at the October, 1977 term of Superior Court received lengthy sentences for Armed Robbery and Murder. Petitioner's assertion that they were expecting leniency at sentence of two to three years upon their pleas of no contest to Armed Robbery is inherently incredible. Petitioners were informed by their counsel that the trial judge was likely to impose a sentence of thirty to forty years upon their pleas. This information was obtained from the trial judge and conveyed to the petitioners by their attorney. The State was not willing to discuss a plea of guilty to the lesser included offense of Common Law Robbery which carried a maximum of ten years even though attorney for the petitioners approached the State to discuss such a possible plea.

9. The petitioners were confronted at the Preliminary Hearing by the evidence against them including eyewitness identification and their own statements of law enforcement officers. The evidence against them was strong that they had participated in the robbery of a store utilizing a sawed-off shotgun and such evidence was spread upon the record at the sentencing hearing.

10. The mandatory minimum sentence in effect as of August 25, 1977 did not require that the sentence be served

without benefit of parole, probation, suspended sentence, or any other judicial or administrative procedure except good time. The fact that the petitioners were not told of the mandatory minimum sentence as required under North Carolina General Statute Section 15A-1022(a)(6) did not coerce the petitioners in any way and they were not prejudiced thereby. The omitted information as to the minimum mandatory sentence was not important to these petitioners because the sentence imposed was within the range of sentence which the trial judge indicated to trial counsel might be the sentence. The minimum mandatory sentence does not now nor did it at that time affect parole eligibility of these petitioners.

11. The petitioners did not know, however, the possible consequences if they exercised their right to plead not guilty and did not have a complete understanding of the possible sentence.

We find the recent case of *Bryant v. Cherry*, 687 F. 2d 48 (4th Cir. 1982) instructive in determining whether the Court below was correct in its conclusion that defendants' pleas were not voluntarily given because the sentencing judge failed to inform them of the mandatory minimum sentence. *Bryant* involved a federal habeas corpus action in which the defendant contended that his guilty plea to armed robbery and kidnapping was involuntary and unintelligent solely because the trial court did not comply with N.C. Gen. Stat. § 15A-1022 by failing to advise him of the seven-year mandatory minimum sentence for armed robbery. As part of a plea bargaining arrangement, the defendant Bryant pleaded guilty to kidnapping and armed robbery with the understanding that the State would recommend the maximum penalty of two consecutive life sentences. The trial court accepted the plea after asking whether a factual basis existed for the plea, whether the plea was voluntary and whether he was satisfied with his counsel. Bryant was then sentenced to two consecutive terms of life imprisonment for kidnapping and a thirty to fifty year term for armed robbery. The Fourth Circuit found the defendant's plea to have been voluntarily and intelligently made under the circumstances.

The Court noted that the key to determining whether a plea is voluntary and intelligent is the defendant's awareness of the

direct consequences of his plea. In *Cuthrell v. Director, Patuxent Institution,* 475 F. 2d 1364, 1366 (4th Cir. 1973), *cert. denied,* 414 U.S. 1005 (1973), the Court defined "direct consequences" as those having a "definite, immediate and largely automatic effect on the range of the defendant's punishment," but, as they stated in the *Bryant* case, this definition should not be applied in a technical, ritualistic manner.

Likewise, in this case, this Court refuses to adopt a technical, ritualistic approach. Even though the trial judge accepted the defendants' pleas without informing them of the mandatory minimum sentence, we find that their ignorance of that fact could not have reasonably affected their decision to plead no contest to the charge of armed robbery. The lower court's Finding of Fact No. 8 shows that the defendants' attorney had obtained information from the trial judge that the likely sentence imposed upon their pleas would be thirty to forty years, and the attorney had told the defendants of that probability. The record reveals the trial judge questioned each defendant regarding the voluntariness of their pleas, and each stated their plea was given voluntarily. Each defendant also answered that he understood he could be imprisoned for life. Under these circumstances, we hold the defendants' pleas were voluntarily and intelligently entered and the trial judge's failure to comply strictly to N.C. Gen. Stat. § 15A-1022(a)(6) was not prejudicial error.

Judge Morgan's order, dated 19 February 1982, vacating defendants' pleas of no contest and ordering new trials is reversed, and the causes will be remanded to the Superior Court for the entry of an order reinstating the defendants' pleas and the judgments entered thereon.

Reversed and remanded.

Judges JOHNSON and EAGLES concur.