STATE OF NORTH CAROLINA v. GARY FRANCIS HENDRICKS

No. COA99-835

(Filed 5 July 2000)

**1. Criminal Law— guilty plea—incomplete inquiry by judge**

There was no prejudicial error in a prosecution for larceny and other offenses where the trial judge did not personally address defendant for all of the statutorily required inquiries and the prosecutor covered the areas omitted by the judge. Defendant did not argue that he would have changed his plea had the judge strictly complied with the procedural requirements or that his plea was not made knowingly, voluntarily, and with understanding. However, this is not the most desirable method of adjudicating a plea. N.C.G.S. § 15A-1022.

**2. Sentencing— victim impact statement—unsworn**

There was no error in a sentencing hearing for felonious larceny and other offenses where the trial court permitted an unsworn victim impact statement. The rules of evidence to not apply for purposes of sentencing hearings and defendant never objected to the testimony at the hearing.

**3. Criminal Law— sentencing—judge's statement—not a pro-victim bias**

A trial court judge did not exhibit a pro-victim bias during a sentencing hearing when he said, at the conclusion of a victim impact statement, "Today is a classic example of why victims need to be recognized and the court system needs to become their friends, not their enemy." At most, the statement illustrates an affinity for victim impact statements, which are specifically endorsed by statute.

**4. Sentencing— aggravating factor—property taken of great monetary value**

There was sufficient evidence in a sentencing hearing for felonious larceny to find the aggravating factor that the larceny involved taking property of great monetary value. Defendant's indictment listed the value of the property taken as $17,000 and his guilty plea served as an admission of guilt to all facts listed in the indictment. Moreover, during the plea hearing, the prosecutor's summary of the facts included the statement that "at least $17,000 was gone" and defendant did nothing to rebut the evidence.

Judge EDMUNDS concurring.

Appeal by defendant from judgments entered 4 May 1999 by Judge G.K. Butterfield in Wake County Superior Court. Heard in the Court of Appeals 15 May 2000.

*Attorney General Michael F. Easley, by Associate Attorney General Vandana Shah, for the State.*

*John T. Hall for defendant-appellant.*

LEWIS, Judge.

Defendant was indicted for one count of felonious larceny, one count of felonious breaking and entering, and one count of felonious possession of stolen property. On 4 May 1999, defendant pled guilty to all three offenses. He was sentenced to consecutive sentences for the larceny and breaking and entering offenses, but judgment was arrested as to the possession offense. Defendant now appeals, asserting errors at both his plea hearing and his sentencing hearing.

Before a judge can accept a guilty plea, our statutes explicitly mandate that the judge must address the defendant personally and inform him of several things, including his right to remain silent and his maximum possible sentence. N.C. Gen. Stat. § 15A-1022(a)(1), (6) (1999). The trial judge also must determine whether defendant understands the nature of the charges against him and whether his plea is the product of any threats or improper pressure. N.C. Gen. Stat. § 15A-1022(a)(2), (b).

[1] Here, there is no question that the trial judge failed to comply with the procedural requirements outlined above. He did make some of the statutorily-required inquiries, but he never personally

addressed defendant on any of the above matters. Although the transcript of plea entered into between defendant and the prosecutor covered all the areas omitted by the trial judge, our legislature's explicit reference to the trial judge addressing the defendant personally and informing him of his rights illustrates that reliance on the transcript of plea alone (with which the judge has no involvement in the first place) is insufficient to meet section 15A-1022's procedural requirements.

This is not the most desirable method of adjudicating a plea. As previously stated by this Court, "We recognize the potential for harm that is present if this method of taking a plea of guilty becomes vogue." *State v. Williams*, 65 N.C. App. 472, 481, 310 S.E.2d 83, 88 (1983). That sentiment bears repeating here. Nonetheless, just because the trial court failed to comply with the strict statutory requirements does not entitle defendant to have his plea vacated. Defendant must still show that he was prejudiced as a result. N.C. Gen. Stat. § 15A-1443(a). Defendant has not met that burden here. He has not argued that he would have changed his plea had the judge complied strictly with the procedural requirements, nor has he asserted that his plea was not in fact knowingly, voluntarily, and with understanding, made. In sum, defendant simply points out the court's non-compliance and contends that he is entitled to replead as a result. A similar argument was made to this Court in *Williams*. We rejected the argument there, as do we here. *Williams*, 65 N.C. App. at 480-81, 310 S.E.2d at 83.

In analyzing the prejudicial error standard, our courts have "refuse[d] to adopt a technical, ritualistic approach" in the context of section 15A-1022 violations. *State v. Richardon*, 61 N.C. App. 284, 289, 300 S.E.2d 826, 829 (1983). Instead, we must look to the totality of the circumstances and determine whether non-compliance with the statute either affected defendant's decision to plead or undermined the plea's validity. *Williams*, 65 N.C. App. at 481, 310 S.E.2d at 83. In this regard, the transcript of plea signed by defendant, along with what questions the trial court did ask of him, are particularly relevant. In the transcript of plea, the question was posed to defendant whether he understood that he had a right to remain silent and whether he understood the nature of the charges against him. To both of these questions, defendant answered, "Yes." The transcript of plea also includes the question whether defendant's plea is the result of any threats or improper promises, to which he responded, "No." Finally, the worksheet attached to the transcript of plea listed the

maximum possible punishment for each offense as being thirty months. In light of these circumstances, we hold that the trial court's failure to strictly follow the statute resulted in no prejudice to defendant. *See also State v. Crain*, 73 N.C. App. 269, 271-72, 326 S.E.2d 120, 122 (1985) ("The State's evidence from the plea transcript, the court's questions to defendant and the testimony of defendant's attorney all tend to support the State's contention that defendant was properly and adequately informed of the consequence of his plea and that he entered into the plea arrangement freely, knowingly and voluntarily."); *State v. Thompson*, 16 N.C. App. 62, 63, 190 S.E.2d 877, 878 ("The record reveals that the defendant signed the 'transcript of plea' contained in the record and that the trial judge, after the defendant was sworn to tell the truth, made careful inquiry of the defendant regarding his pleas of guilty. The record is replete with evidence to support the adjudication that the defendant's pleas of guilty were in fact freely, understandingly, and voluntarily given."), *cert. denied*, 282 N.C. 155, 191 S.E.2d 604 (1972).

**[2]** Next, defendant contends that he received an unfair sentencing hearing. He points to the fact that Mrs. Gardner, one of the larceny victims here, spoke at the sentencing hearing without ever being sworn in. The requirement that a witness be sworn in is contained within our rules of evidence. N.C.R. Evid. 603. For purposes of sentencing hearings, however, the rules of evidence do not apply. N.C. Gen. Stat. § 15A-1334(b) (1999). Thus, the trial court committed no error by allowing Mrs. Gardner's unsworn victim impact statement. *Cf. State v. Jackson*, 302 N.C. 101, 111, 273 S.E.2d 666, 673 (1981) (emphasizing that the rules of evidence do not apply at sentencing hearings in holding that it was not error to allow a witness to testify even though her testimony would not have been admissible at trial). Furthermore, defendant never objected at the hearing to Mrs. Gardner's unsworn testimony. He has thus waived any such argument for purposes of appeal. *Cf. State v. Robinson*, 310 N.C. 530, 539-40, 313 S.E.2d 571, 577-78 (1984) (holding that the defendant's failure to object to a witness not being sworn in at trial prevented him from arguing it on appeal).

**[3]** Defendant also contends that his sentencing hearing was unfair in that the judge exhibited a pro-victim bias that unfairly prejudiced him. Specifically, defendant cites the following statement made by the judge after the conclusion of Mrs. Gardner's victim impact statement: "Today is a classic example of why victims need to be recognized and the court system needs to become their friends, not their

enemy." (Tr. at 13). We do not feel the above statement manifests a bias against defendant. At most, it only illustrates an affinity for the use of victim impact statements, a procedure that is specifically endorsed by our statutes. N.C. Gen. Stat. § 15A-825(9).

[4] Finally, defendant contends there was insufficient evidence to support the trial court's finding of an aggravating factor. In particular, he attacks the evidentiary basis for the aggravating factor that his larceny involved the "taking of property of great monetary value." N.C. Gen. Stat. § 15A-1340.16(d)(14). We find there was sufficient evidence, both in the indictment and at the plea hearing, to support this factor.

Defendant's indictment listed the value of the property taken as $17,000. When defendant pled guilty to larceny, his plea served as an admission of guilt as to all facts listed in the indictment. *State v. Thompson*, 314 N.C. 618, 624, 336 S.E.2d 78, 81 (1985). Thus, defendant admitted to taking $17,000 in property. This alone is sufficient to support the trial court's finding of great monetary value. *See generally State v. Barts*, 316 N.C. 666, 695, 343 S.E.2d 828, 846-47 (1986) (upholding finding of great value based upon evidence of $3200 in property taken); *Thompson*, 314 N.C. at 623-24, 336 S.E.2d at 81 ($3177.40); *State v. Coleman*, 80 N.C. App. 271, 277, 341 S.E.2d 750, 753-54 ($3000), *disc. review denied*, 318 N.C. 285, 347 S.E.2d 466 (1986).

There was also sufficient evidence adduced during the plea hearing to support the finding of this aggravating factor. In summarizing the facts for the judge so that he could determine whether a factual basis for the guilty plea existed, the prosecutor pointed out that "the house had been ransacked" and that "at least $17,000 was gone." (Tr. at 6). Defendant did nothing to rebut this evidence and it therefore was sufficient to substantiate the trial court's finding. *See generally Thompson*, 314 N.C. at 624-25, 336 S.E.2d at 81-82 (stating that the trial court may rely on any evidence adduced that is not rebutted or otherwise challenged by defendant).

In closing, we note that there is a clerical error in one of the judgments. The judge sentenced defendant to two consecutive sentences of twelve-to-fifteen months' imprisonment on the larceny and breaking and entering charges. The judge then arrested judgment on the charge of possession of stolen property because all its elements were contained within the larceny charge. However, the court inadvertently listed larceny as the offense for which it was arresting judg-

ment, as opposed to the possession offense. The result is that defendant has two judgments as to the larceny offense (one sentencing him and one arresting judgment) and no judgment as to the possession offense. We therefore remand to the trial court for entry of a corrected judgment.

No prejudicial error, but remanded for correction of judgment.

Chief Judge EAGLES concurs.

Judge EDMUNDS concurs with separate opinion.

Judge EDMUNDS concurring.

I concur with the majority's conclusion that the failure of the trial court to follow the requirements of N.C. Gen. Stat. § 15A-1022 was not prejudicial to defendant in this case. However, despite this holding, I write to emphasize that judges should conscientiously follow the mandates of that statute when accepting a guilty plea. Although time is a precious commodity in the trial courts, it is not an undue burden to take the minutes necessary to conduct a complete colloquy with the defendant, who may be facing years of imprisonment. By so doing, the judge can ensure that the plea is properly executed.