STEELMAN, Judge.
 

 Defendant, Gay Eugene Blankenship, appeals convictions of possession of a Schedule II controlled substance and having attained the status of a habitual felon. He presents three assignments of error. For the reasons discussed herein, we find no error.
 

 The State's evidence tended to show that on 12 July 2001 at approximately 1:30 a.m., Officer Evonne Johnson of the Asheville City Police observed a white Ford Tempo parked on Washington Street with one female in the driver's seat. Officer Johnson drove ablock past the Ford and spoke with Officer Freeland for fifteen to twenty minutes. After speaking with Officer Freeland, Officer Johnson returned to the intersection of Washington and Hillside Streets. She again saw the Ford and observed it make a turn without using a signal light. Officer Johnson ran the license plate number. The DMV records listed the plate as "unassigned," so Officer Johnson pulled the Ford over. Officers John Long and Brett Maltby pulled up behind Officer Johnson in another patrol car.
 

 Officer Johnson shined a light in the car as she approached it. She observed a woman in the back seat exposing her upper body. The woman was identified as Ernestine Paulette Jackson (Jackson). Officer Johnson asked Jackson to get out of the car and frisked her. When asked what was in her bra, Jackson replied that it was a crack pipe. Jackson was arrested.
 

 Officer Johnson asked the driver, identified as Terry Newsome, to step out of the vehicle. Newsome gave consent for her car to be searched. The officers then asked the passenger, defendant, to step out of the car. He was subjected to a frisk, but nothing was found. Officers Johnson and Maltby searched the car and discovered a "crack rock" on the floorboard underneath the passenger seat. More cocaine was found in the backseat where Jackson had been seated.
 

 Defendant was placed in the second patrol car and taken to theBuncombe County Jail. Officer Maltby noticed defendant squirming in the back seat. After defendant was taken into the jail, Officer Maltby searched the back seat of the patrol car and discovered a plastic bag containing crack rocks. As standard operating procedure, Officer Maltby searched the back seat of his police vehicle before beginning his patrol that day, and during that search he found no contraband in the car. He further testified that on the night of 12 July 2001, he and Officer Long did not arrest anyone other than defendant, and the doors of the police car always remained locked.
 

 Defendant's evidence tended to show that Newsome had driven around with defendant after picking him up from his mother's home. Later that night, they saw Jackson, who asked for a ride home. Newsome agreed, even though she did not know Jackson. While the Ford was stopped by the police, defendant was not fidgeting. The police searched him three times and never found anything on him. Newsome did not see defendant with anything that even resembled crack while they were together that day.
 

 Defendant was charged with cocaine possession. A jury found defendant guilty. Defendant pled guilty to being a habitual felon. He was sentenced to an active sentence of 135 to 171 months. Defendant appeals.
 

 In defendant's first assignment of error, he contends thetrial court erred by sentencing him as a habitual felon. We disagree.
 

 Defendant contends that possession of cocaine under
 
 N.C. Gen. Stat. § 90-95
 
 (d)(2) is a misdemeanor rather than a felony and cannot be an underlying felony supporting his conviction as a habitual felon. Possession of cocaine is a felony under
 
 N.C. Gen. Stat. § 90-95
 
 (d)(2).
 
 State v. Jones,
 
 ___ N.C. ___, ___ S.E.2d ___ (2004). Thus, possession of cocaine could properly serve as the underlying felony supporting defendant's conviction as a habitual felon. This assignment of error is without merit.
 

 In defendant's second assignment of error, he contends the trial court erred in accepting his guilty plea to the status of a habitual felon when the court failed to comply with the statutory requirements set out in N.C. Gen. Stat. § 15A-1022.
 

 N.C. Gen. Stat. § 15A-1022 sets forth the requirements for a trial court accepting a defendant's guilty plea. N.C. Gen. Stat. § 15A-1022 (2003). Before a superior court judge can accept a defendant's guilty plea he must first address the defendant personally and inform him of several matters listed in N.C. Gen. Stat. § 15A-1022(a)(1-7). The trial court must also inquire of the prosecutor, defense counsel, and defendant personally to see "whether there were any prior plea discussions, whether the parties had entered into any arrangements with respect to the plea and theterms thereof, and whether any improper pressure was exerted" on the defendant. N.C. Gen. Stat. § 15A-1022(b). The judge must determine the defendant's decision to enter a guilty plea was the product of informed choice before he can accept such a plea.
 

 Id.
 

 "[J]ust because the trial court failed to comply with the strict statutory requirements does not entitle defendant to have his plea vacated."
 
 State v. Hendricks,
 

 138 N.C. App. 668
 
 , 670,
 
 531 S.E.2d 896
 
 , 898 (2000). However, the State bears the burden of proving the error was harmless beyond a reasonable doubt since "it is error under the statute and constitution" for the court to fail to inquire of the defendant regarding the matters enumerated in the statute, so as to ensure his plea was voluntary and the informed choice of the defendant.
 
 State v. Williams,
 

 65 N.C. App. 472
 
 , 481,
 
 310 S.E.2d 83
 
 , 88 (1983) (citing
 
 Boykin v. Alabama,
 

 395 U.S. 238
 
 ,
 
 23 L. Ed. 2d 274
 
 (1969)); N.C. Gen. Stat. § 15A-1443(b) (2003).
 

 In deciding whether the judge's "non-compliance with the statute either affected defendant's decision to plead or undermined the plea's validity[,]" we consider the totality of the circumstances.
 
 Hendricks,
 

 138 N.C. App. at 671
 
 ,
 
 531 S.E.2d at 898
 
 . While the trial judge failed to inquire as to all the statutory requirements listed in N.C. Gen. Stat. § 15A-1022, he did make some of the inquiries. The trial judge questioned defendant about whether he understood his guilty plea, whether anyone had made himany promises, and whether he had discussed the guilty plea with his counsel. Defendant indicated he understood his plea and its effects. The judge also inquired as to whether defendant entered the plea of his own free will, if he had been over the plea transcript questions and answers with his attorney, and whether the answers given were the truth. Defendant responded in the affirmative to all of these questions. Defendant also stipulated to three prior felony convictions. Additionally, defendant submitted a transcript of plea which stated that he understood the effect of the guilty plea. This plea transcript covered all of the areas listed in N.C. Gen. Stat. § 15A-1022. This Court has found that the transcript of plea signed by a defendant, coupled with the questions the trial court did ask him, to be particularly relevant.
 
 Hendricks,
 

 138 N.C. App. at 670-71
 
 ,
 
 531 S.E.2d at 898-99
 
 (holding the entry of plea valid even though the judge did not go over all the requirements of the statute, where the transcript of plea covered those matters).
 
 See also State v. Crain,
 

 73 N.C. App. 269
 
 , 271-72,
 
 326 S.E.2d 120
 
 , 122 (1985);
 
 State v. Thompson,
 

 16 N.C. App. 62
 
 , 63,
 
 190 S.E.2d 877
 
 , 878,
 
 cert. denied,
 

 282 N.C. 155
 
 ,
 
 191 S.E.2d 604
 
 (1972).
 

 Defendant also contends that the fact the judge misstated the maximum sentence he faced entitles him to have his plea vacated. We disagree. Here, the trial judge misstated the maximum sentencedefendant faced, reciting it to be 216 months instead of the statutory maximum of 261 months. This violated N.C. Gen. Stat. § 15A-1022(a)(6). However, as noted above, the idea that the mere violation of N.C. Gen. Stat. § 15A-1022 is
 
 per se
 
 prejudicial is incorrect.
 
 Williams,
 

 65 N.C. App. 472
 
 , 482,
 
 310 S.E.2d 83
 
 , 89. In the instant case, the judge sentenced defendant to a term of 135 months to 171 months. The maximum sentence defendant faced of 171 months is well below the 216 months the trial judge misquoted to defendant.
 

 After considering the totality of the circumstances, we find the trial court's error was harmless beyond a reasonable doubt and the judge's non-compliance with the statutory requirements did not affect defendant's decision to plead guilty or undermine the plea's validity. Defendant's plea was made freely, understandingly, and voluntarily. This assignment of error is without merit.
 

 In his third assignment of error, defendant argues that the trial court erred in denying his motion to dismiss the possession of cocaine charge. We disagree.
 

 In analyzing a motion to dismiss, "'[i]f the trial court determines that a
 
 reasonable
 
 inference of the defendant's guilt
 
 may
 
 be drawn from the evidence, it must deny the defendant's motion and send the case to the jury even though the evidence may also support reasonable inferences of the defendant's innocence.'"
 
 State v.Matias,
 

 354 N.C. 549
 
 , 551,
 
 556 S.E.2d 269
 
 , 270 (2001) (emphasis in original) (citations omitted). The only issue for the trial court is whether there is substantial evidence of each essential element of the charged offense and of the defendant being the perpetrator.
 
 State v. Crawford,
 

 344 N.C. 65
 
 , 73,
 
 472 S.E.2d 920
 
 , 925 (1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
 
 Matias,
 

 354 N.C. at 552
 
 ,
 
 556 S.E.2d at 270
 
 . The court must consider the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from that evidence.
 
 Id.
 
 at 551,
 
 556 S.E.2d at 270
 
 . Contradictions and discrepancies in the evidence are resolved in favor of the State.
 
 State v. Gibson,
 

 342 N.C. 142
 
 , 150,
 
 463 S.E.2d 193
 
 , 199 (1995).
 

 The two essential elements of felonious possession of a controlled substance are: (1) the substance must be possessed; and (2) the substance must be knowingly possessed.
 
 State v. Weldon,
 

 314 N.C. 401
 
 , 403,
 
 333 S.E.2d 701
 
 , 702 (1985). Defendant argues only that the State did not show that he knowingly possessed the cocaine. We therefore restrict our analysis to that element.
 

 When prosecuting a defendant for possession of an illegal substance, the prosecution does not have to prove actual physical possession of the substance, as constructive proof of possession is sufficient.
 
 State v. Perry,
 

 316 N.C. 87
 
 , 96,
 
 340 S.E.2d 450
 
 , 456(1986). Constructive possession exists when the defendant, "while not having actual possession, . . . has the intent and capability to maintain control and dominion over [the] thing."
 
 State v. Beaver,
 

 317 N.C. 643
 
 , 648,
 
 346 S.E.2d 476
 
 , 480 (1986). "As with other questions of intent, proof of constructive possession usually involves proof by circumstantial evidence."
 

 Id.
 

 Where an individual does not have sole possession of the place where the narcotics are found, the State must demonstrate other incriminating circumstances before constructive possession may be inferred.
 
 State v. Davis,
 

 325 N.C. 693
 
 , 697,
 
 386 S.E.2d 187
 
 , 190 (1989).
 

 In several cases our appellate courts have affirmed the trial court's finding of sufficient circumstantial evidence of constructive possession to send the case to a jury, even where the defendant was not in exclusive control of the area where the drugs were found. In
 
 State v. Butler,
 
 our Supreme Court found the following to be some evidence that the defendant was in possession of the drugs found in the vehicle: (1) the defendant excited a bus which came from a city known to be a source of drugs; (2) the defendant acted suspiciously upon seeing the narcotics officers; (3) the defendant acted "very nervous" and "fidgety" when officers asked him to exit the taxi he was in; and (4) where the taxi driver testified he had not seen any drugs in his cab when he cleaned it out at the start of his shift.
 
 356 N.C. 141
 
 , 144-47, 567 S.E.2d137, 139-141 (2002). In
 
 State v. Matias,
 
 our Supreme Court found there to be sufficient incriminating circumstances to support a finding that defendant was in constructive possession of cocaine where: (1) the defendant had been in the car for about twenty minutes; (2) the car smelled of marijuana; (3) there were marijuana seeds and rolling papers inside the car; and (4) an officer testified the defendant was the only person in the car who could have placed the cocaine in the back seat where defendant was sitting.
 
 354 N.C. 549
 
 , 552,
 
 556 S.E.2d 269
 
 , 271 (2001).
 

 In the instant case, since defendant was not in exclusive possession of the vehicle where the cocaine was found, the question becomes whether the evidence contains other incriminating circumstances sufficient for the jury to find defendant had constructive possession of the cocaine.
 
 See Matias,
 

 354 N.C. at 552
 
 ,
 
 556 S.E.2d at 271
 
 . The evidence in this case showed that: (1) defendant was in an area known for drug transactions; (2) the police searched their patrol car before beginning their shift; (3) they found no drugs of any kind during that search; (4) defendant was the only passenger the officers transported in their car on that day; and (5) cocaine was found in the police car after defendant had been transported in its back seat. Even if this evidence could be subject to another interpretation, it is the function of the jury to weigh the evidence and resolve any factualdiscrepancies. Taken in the light most favorable to the State, we hold there was sufficient evidence before the trial court to allow the matter to be decided by the jury. This assignment of error is without merit.
 

 NO ERROR.
 

 Judges HUDSON and TYSON concur.
 

 Report per Rule 30(e).