HUNTER, JR., Robert N., Judge.
Justin Wayne Adkins ("Defendant") appeals from judgments entered pursuant to his Alford plea.[1] Because Defendant fails to allege or show any prejudice arising from the trial court's non-compliance with the procedural requirements of N.C. Gen. Stat. § 15A-1022(b) (2015) in accepting his plea, we affirm. We remand to the trial court for correction of two clerical errors in the judgment entered in 16 CRS 51049.
I. Factual and Procedural History
On 28 November 2016, a Stokes County Grand Jury returned true bills of indictment charging Defendant with three counts of assault with a deadly weapon upon a governmental officer ("AWDWGO"), a Class F felony under N.C. Gen. Stat. § 14-34.2 (2015), and one count of fleeing to elude arrest, a Class H felony under N.C. Gen. Stat. § 20-141.5(b) (2015). Defendant entered an Alford plea on all four charges on 27 February 2017. As recorded on the transcript of plea form, the parties' plea arrangement provided Defendant's offenses would be "consolidated into the three Class F felonies for sentencing [.]" Defendant also agreed to stipulate to owing restitution in the amount of $832.35 to Stokes County. In exchange, the State agreed to dismiss several additional charges pending against Defendant, including one count of driving while impaired ("DWI") in file number 16 CRS 51043. After placing Defendant under oath and engaging him in a colloquy pursuant to N.C. Gen. Stat. § 15A-1022, and after hearing the prosecutor's summary of the factual basis for the plea, the trial court accepted Defendant's Alford plea, finding it to be "the informed choice of the defendant ... made freely, voluntarily and understandingly."
Defendant stipulated to prior convictions, resulting in eight points and a corresponding prior record level III. In judgments entered on 28 February 2017, the trial court sentenced Defendant to two consecutive active prison terms of 21 to 35 months and 17 to 30 months and a suspended prison term of 21 to 35 months with 24 months of supervised probation for the three counts of AWDWGO.
Defendant did not give oral notice of appeal at the conclusion of the plea hearing on 28 February 2017. His counsel returned to court seven days later, informed the presiding judge that Defendant "entered a plea last week[,]" and gave notice of appeal.
II. Jurisdiction
A. Motion to Dismiss
The State filed a motion to dismiss Defendant's appeal based, inter alia , on his failure to give timely notice of appeal, in accordance with Rule 4 of our Rules of Appellate Procedure. Under Rule 4, a party may notice of appeal from a criminal judgment by either "(1) giving oral notice of appeal at trial, or (2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment...." N.C.R. App. P. 4(a)(1)-(2) (2017). " '[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal.' " State v. Webber , 190 N.C. App. 649, 651-52, 660 S.E.2d 621, 622 (2008) (quoting State v. McCoy , 171 N.C. App. 636, 638, 615 S.E.2d 319, 320, appeal dismissed , 360 N.C. 73, 622 S.E.2d 626 (2005) ).
Defendant neither filed written notice of appeal nor gave oral notice of appeal at his plea hearing. As noted above, his trial counsel purported to give oral notice one week after the hearing by returning to the courtroom and informing a different trial judge of Defendant's intention to appeal. "However, because oral notice of appeal must be given at trial , [his] counsel's oral notice of appeal was legally ineffective." State v. Holanek , 242 N.C. App. 633, 640, 776 S.E.2d 225, 231 (citation omitted), disc. review denied , 368 N.C. 429, 778 S.E.2d 95 (2015), cert. denied , --- U.S. ----, 195 L.Ed. 2d 824 (2016). Therefore, we allow the State's motion to dismiss the appeal.
B. Defendant's Petition for Writ of Certiorari
Defendant filed a petition for writ of certiorari, asking this Court to reinstate his lost appeal. N.C.R. App. P. 21(a)(1) (allowing review by writ of certiorari "when the right to prosecute an appeal has been lost by failure to take timely action"). Defendant also asks this Court to issue the writ in order to review issues lying outside of his limited appeal of right from his Alford plea under N.C. Gen. Stat. § 15A-1444(a1) - (a2) (2015).
The State acknowledges "that it is within this Court's discretion whether to allow the petition for the purpose of granting [Defendant] a belated appeal." The State's response does not address Defendant's second purpose in seeking the writ, to address his claim of error by the trial court under N.C. Gen. Stat. § 15A-1022(b).
Rule 21 of the North Carolina Rules of Appellate Procedure authorizes appellate review by writ of certiorari:
in appropriate circumstances ... when the right to prosecute an appeal has been lost by failure to take timely action , or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief.
N.C.R. App. P. 21(a)(1) (emphasis added). Because Defendant lost his right to appeal due to counsel's failure to give timely notice in accordance with Rule 4, we "exercise our discretion to grant Defendant's petition for writ of certiorari" to allow him a belated appeal. Holanek , 242 N.C. App. at 640, 776 S.E.2d at 232 ; see also State v. Lineberger , 221 N.C. App. 241, 242, 726 S.E.2d 205, 206-07 (2012).
Defendant's Alford plea limited the scope of his direct appeal to the sentencing issues prescribed by N.C. Gen. Stat. § 15A-1444(a1) and (a2), to wit:
(a1) ... whether [Defendant's] sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense[; and]
(a2) whether the sentence imposed ... [r]esults from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or ... [c]ontains a type of sentence disposition ... [or] a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 [or] ... the defendant's class of offense and prior record ... level.
N.C. Gen. Stat. § 15A-1444(a1), (a2)(1)-(3).[2] As for other claims of error, subsection 15A-1444(e) provides "the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari." N.C. Gen. Stat. § 15A-1444(e).
Defendant also claims the trial court failed to comply with the procedures required for accepting a guilty plea under N.C. Gen. Stat. ch. 15A, art. 58 (2015) ("Procedures Relating to Guilty Pleas in Superior Court"), particularly the requirements of N.C. Gen. Stat. § 15A-1022(b). Although N.C.R. App. P. 21(a)(1) does not contemplate the issuance of a writ of certiorari for this purpose, Defendant shows that our appellate courts have done so. See State v. Bolinger , 320 N.C. 596, 601-02, 359 S.E.2d 459, 462 (1987) (reviewing trial court's alleged violation of N.C. Gen. Stat. § 15A-1022 by writ of certiorari despite defendant's failure to petition the Court therefor); State v. Rhodes , 163 N.C. App. 191, 194, 592 S.E.2d 731, 733 (2004) ("[U]nder Bolinger ..., it is permissible for this Court to review pursuant to a petition for writ of certiorari during the appeal period a claim that the procedural requirements of Article 58 were violated."). Moreover, under N.C. Gen. Stat. § 15A-1027 (2015), a defendant is barred from challenging the trial court's violation of Article 58 procedures " 'after the appeal period for the conviction has expired.' " Rhodes , 163 N.C. App. at 194, 592 S.E.2d at 733 (quoting N.C. Gen. Stat. § 15A-1027 ).
Finally, Defendant challenges the trial court's imposition of consecutive sentences. Because Defendant was sentenced within the presumptive range for his offenses, this issue may not be raised by direct appeal under N.C. Gen. Stat. § 15A-1444(a1) - (a2).
A divergence of opinion exists regarding this Court's ability to issue writs of certiorari in circumstances not addressed in N.C.R. App. P. 21(a)(1).
Indeed, although recent Supreme Court decisions demonstrate that this Court has jurisdiction to grant certiorari on grounds not explicitly set forth in Rule 21, this Court's jurisprudence is far from clear in terms of whether this Court has the authority to grant certiorari to consider the validity of guilty pleas.
State v. Rogers , --- N.C. App. ----, ----, --- S.E.2d ----, ----, 2017 WL 5146157, *3 (Nov. 7, 2017) (No. COA 17-271) (citations omitted); see also State v. Ledbetter , No., --- N.C. ----, 805 S.E.2d 487 (2017) (staying and granting discretionary review of this Court's opinion in --- N.C. App. ----, 794 S.E.2d 551 (2016) (per curiam) ). What is clear, however, is that any limitation placed on this Court's certiorari power by Rule 21 is procedural in nature and not jurisdictional. See N.C. Gen. Stat. §§ 7A-32(c), 15A-1444(e) (2015) ; see also State v. Thomsen , --- N.C. ----, ----, 789 S.E.2d 639, 643 (2016) (citation omitted) ("[I]f a valid statute gives the Court of Appeals jurisdiction to issue a writ of certiorari, Rule 21 cannot take it away."); Ledbetter , --- N.C. App. at ----, 794 S.E.2d at 555 ("Although the statute provides jurisdiction, this Court is without a procedural process under either Rule 1 or 21 to issue the discretionary writ under these facts, other than by invoking [N.C.R. App. P.] 2.").
Lacking clear precedent on the issue, we follow the most analogous of this Court's recent decisions, State v. Rogers . In Rogers , defendant claimed the trial court violated N.C. Gen. Stat. § 15A-1022(a) by erroneously advising him that, by entering an Alford plea, he would retain the right to appeal the court's denial of his motion to dismiss. --- N.C. App. at ----, --- S.E.2d at ----, 2017 WL 5146157, at *5. After surveying the relevant case law, we exercised our discretion under N.C.R. App. P. 2 to suspend the requirements of Rule 21(a)(1) and reviewed defendant's claim by writ of certiorari:
we conclude that no procedural mechanism exists under Rule 21 to issue the discretionary writ of certiorari to review the trial court's judgment entered upon defendant's guilty plea, but also exercise our discretion to invoke Rule 2 to suspend the Rules and address the merits of defendant's appeal.
Id. at *5.
Similar to the defendant in Rogers , Defendant has identified procedural irregularities at his plea hearing. Accordingly, we exercise our discretionary power under Rule 2 and suspend the Appellate Rules in order to grant his petition for writ of certiorari. As in Rogers , we invoke Rule 2 not to "prevent manifest injustice to a party," N.C.R. App. P. 2, but to " 'expedite [a] decision in the public interest,' that is, to reach the merits in order to caution the trial court" about the need for proper adherence to the procedures in Article 58. Rogers , --- N.C. App. at ----, --- S.E.2d at ----, 2017 WL 5146157, at *5 (quoting N.C.R. App. P. 2).
However, we decline to invoke Rule 2 in order to review the trial court's imposition of consecutive sentences. "It is well established that the decision to impose consecutive or concurrent sentences is within the discretion of the trial judge and will not be overturned absent a showing of abuse of discretion." State v. Espinoza-Valenzuela , 203 N.C. App. 485, 497, 692 S.E.2d 145, 154 (2010) (citation omitted); see also N.C. Gen. Stat. §§ 15A-1345(a), -1346(b) (2015). Defendant shows no abuse of discretion here. The fact the plea arrangement was silent on the issue did not limit the court's discretion to run Defendant's sentences consecutively. Cf . State v. Zubiena , --- N.C. App. ----, ----, 796 S.E.2d 40, 48 (2016) (rejecting claim that the defendant's sentence was inconsistent with her plea agreement where the "plea agreement did not specify a sentence at all"). Accordingly, we deny certiorari for this purpose.
III. Analysis
With regard to the issues within Defendant's limited right of appeal from his Alford plea under N.C. Gen. Stat. § 15A-1444(a1) - (a2), counsel appointed to represent Defendant certified she is unable to identify any issue with sufficient merit to support a meaningful argument for relief. Counsel asks this Court to conduct its own review of the record for possible prejudicial error. Counsel shows she substantially complied with the requirements of Anders v. California , 386 U.S. 738, 18 L.Ed. 2d 493 (1967), and State v. Kinch , 314 N.C. 99, 331 S.E.2d 665 (1985), by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary to do so. Defendant has not filed any written arguments on his own behalf with this Court, and a reasonable time for him to do so has expired.
In accordance with Anders , we fully examined the record to determine whether any issues of arguable merit appear therefrom. We are unable to find any possible prejudicial error and conclude Defendant's direct appeal is wholly frivolous.
However, we identify two clerical errors on the "Judgment Suspending Sentence" form entered in file number 16 CRS 51049. (Capitalized in original). First, the caption of "Judgment Suspending Sentence" contains an "x" in the box indicating a community punishment, rather than an intermediate punishment. (Capitalized in original). Under the sentencing chart in N.C. Gen. Stat. § 15A-1340.17(c) (2015), a community punishment is not authorized for Defendant's Class F felony. As his counsel acknowledged at sentencing, Defendant's offense placed him "in an IA block," requiring either an intermediate or active punishment. Moreover, the trial court announced its imposition of an "intermediate sentence" for this offense. Accordingly, we conclude the court's marking of the wrong box in the caption was a mere clerical error. See State v. Allen , --- N.C. App. ----, ----, 790 S.E.2d 588, 592 (2016) (concluding that "the entry of Defendant's sentence under 'Intermediate Punishment' was a clerical error" and remanding for correction); see also In re D.D.J. , 177 N.C. App. 441, 444, 628 S.E.2d 808, 811 (2006) (explaining that "clerical errors include mistakes such as inadvertent checking of boxes on forms ... or minor discrepancies between oral rulings and written orders") (citations omitted).
Second, the judgment provides Defendant's period of probation "shall begin ... when [he] is released from incarceration ... in the case below" without designating file number 16 CRS 51046 as the relevant "case." Therefore, we remand to the trial court for clerical corrections to the judgment in 16 CRS 51049.
In his petition for writ of certiorari, Defendant challenges the validity of his Alford plea due to the trial court's failure to comply with the procedures for acceptance of guilty pleas in N.C. Gen. Stat. § 15A-1022(b). We note the petition lacks any clearly-presented argument of the kind prescribed for an appellant's brief in N.C.R. App. P. 28(b)(6). Nevertheless, we address the issues raised in the petition.
The gravamen of Defendant's argument lies in the variance between the terms of his written plea arrangement, appearing on his signed transcript of plea form, and the court's oral recitation of the arrangement's terms during his plea colloquy on 27 February 2017. The transcript of plea includes the following written plea arrangement:
Defendant agrees to plead guilty to three counts of Assault with a deadly weapon on a government official and one count of felony fleeing to elude arrest. These offenses shall be consolidated into the three Class F felonies for sentencing [.]
(Emphasis added). Moreover, at the beginning of his plea colloquy, Defendant affirmed under oath in open court as follows:
THE COURT: Can you read and write?
[DEFENDANT]: Yes, sir.
THE COURT: And did you go over the questions on this Transcript of Plea with [defense counsel]?
[DEFENDANT]: Yes, sir.
THE COURT: And did you understand them?
[DEFENDANT]: Yes, sir.
However, in reviewing the plea arrangement with Defendant, the trial court misstated its terms, as such:
THE COURT: ... I'm told you'll plead guilty to these charges, they'd be consolidated into one Class F for sentencing ; the State is going to dismiss some charges; and you stipulate to restitution.
...
[DEFENDANT]: Yes, sir.
THE COURT: ... Is this your full and complete plea agreement?
[DEFENDANT]: Yes, sir.
THE COURT: And do you accept it?
[DEFENDANT]: Yes.
(Emphasis added).
The trial court initially pronounced judgment in accordance with its misstatement, consolidating Defendant's offenses into a single judgment and sentencing him to prison for 21 to 35 months. When neither party called attention to the error, the court concluded the plea hearing.
The following day, 28 February 2017, the trial court re-convened the parties and announced:
THE COURT: We are returning to a case on our calendar this week involving Justin Wayne Adkins.
Mr. Adkins, my apologies for bringing you back out. I either misread or fell short yesterday, because the agreement was that the charges that we went over yesterday were to be consolidated into three Class Fs. And, and I read that to be consolidated into one Class F. So since we're still within the week of the session, and you haven't been shipped away to the Department of Adult Corrections [sic], so I'm bringing you back out so that I can comply with the agreement that you had with the State.
See generally State v. Sammartino , 120 N.C. App. 597, 599, 463 S.E.2d 307, 309 (1995) (" '[D]uring a session of the court a judgment is in fieri and the court has authority in its sound discretion, prior to expiration of the session, to modify, amend or set aside the judgment.' ") (quoting State v. Edmonds , 19 N.C. App. 105, 106-07, 198 S.E.2d 27, 27 (1973) ). Defendant, who was represented by counsel, raised no objection. The court then sentenced Defendant for each of his three Class F felonies, as contemplated by the parties' written arrangement, imposing two consecutive prison terms of 21 to 35 months and 17 to 30 months, followed by two years of supervised probation with a suspended sentence of 21 to 35 months.
After judgment was rendered, Defendant addressed the trial court as follows:
[DEFENDANT]: May I speak, please?
THE COURT: Yes, sir.
[DEFENDANT]: I have a child on the way next month. And I done went and told the baby's mother that I got 13 more months. All I want to do is get out and raise these kids.... I regret what I done, every day. I promise. And I'm sorry for it. And I know I should be punished.
I mean, I would ask that you reconsider and make two of them probation, please . And I will, I will make it through probation with no problems.... And I will not be back in this courtroom.
THE COURT: You ever been to prison before?
[DEFENDANT]: Yes, sir.
THE COURT: Why didn't it stick then? ...
[DEFENDANT]: I didn't know at the time that my girlfriend was pregnant.
...
I'm not going to get out and do these things again. I just told her yesterday-
THE COURT: Well, you can tell her the Judge made a mistake the first time, and he's tried to correct it. Good luck to you, sir.
[DEFENDANT]: What's the sentence?
[DEFENSE COUNSEL]: 17 to
THE COURT: 21 to 35 and then 17 to 30, if I remember right.
...
THE CLERK: 21 months to 35, then 17 to 30.
THE COURT: Then probation.
[DEFENDANT]: You give me two and a half years?
THE COURT: No, sir. You gave yourself two and a half years.
[DEFENDANT]: I mean, I wasn't being disrespectful. I was asking a question.
THE COURT: I understand.
(Emphasis added). While voicing displeasure with the length of his imprisonment, at no time did Defendant claim to be unaware that his plea arrangement called for three Class F felony sentences. Defendant also did not seek to withdraw his plea.
We find no merit to Defendant's suggestion that the terms of the written plea arrangement "fail to set out clearly" he would receive three sentences. The provision that Defendant's "offenses shall be consolidated into the three Class F felonies for sentencing" is unambiguous on this issue. Moreover, both parties' arguments at sentencing assumed Defendant's receipt of multiple sentences. After summarizing the factual basis for Defendant's plea, the prosecutor offered the following explanation for the plea arrangement:
[PROSECUTOR]: ... [The officer] ultimately charged a DWI.... But we are dismissing the DWI. That's simply as part of the negotiated plea agreement. My original offer included a plea to the DWI and only one or two felonies sentences [sic]. But the defendant contested aggressively the DWI, and so I changed the offer around so that it would be what you have in front of you. And I felt comfortable doing that. I felt it was a similar outcome.
Defendant's counsel informed the court Defendant had elected to accept the plea arrangement, in order to avoid a permanent revocation of his driver's license that would result from a DWI conviction:
[DEFENSE COUNSEL]: ... We are entering this, again, as part of the negotiated plea trying to avoid the DWI sentence and the permanent revocation that would go along with that. He does have, as you can tell from his record, two prior DWIs. So that's part of the calculus here.
...
We would ask the Court to find some mitigating factors here, in that he's accepting responsibility for his conduct. This has never been something where he intended to contest the assault charges, the resisting charges. The DWI was the sticking point on this.
...
I would ask the Court to consider-he's in an IA block, record level three, with Class F, he's been in custody since July-I'd ask the Court to consider split sentences on these matters so that he can get out, return to his family, see the birth of his child, and start paying that restitution back to the Sheriff's Department.
(Emphasis added). Defendant did not object to receiving three sentences but asked the court to consider suspending two of them.
Defendant claims the trial court violated "the statutory mandate in N.C. Gen. Stat. § 15A-1022(b) by failing to inquire of defense counsel and the prosecutor as to the terms of the plea agreement...." The statute provides:
[b]y inquiring of the prosecutor and defense counsel and the defendant personally, the judge must determine whether there were any prior plea discussions, whether the parties have entered into any arrangement with respect to the plea and the terms thereof....
N.C. Gen. Stat. § 15A-1022(b). Subsection (b) further provides the court "may not accept a plea of guilty or no contest from a defendant without first determining that the plea is a product of informed choice." Id .
We note Defendant does not challenge the trial court's compliance with the procedures in N.C. Gen. Stat. § 15A-1022(a). The court properly ensured Defendant understood the nature of the charges against him, advised him of the constitutional rights he waived by pleading guilty, and informed him of the maximum possible sentences he faced for his offenses. See N.C. Gen. Stat. § 15A-1022(a)(1)-(6).
We agree the trial court violated the procedural mandate in N.C. Gen. Stat. § 15A-1022(b) by failing to ask the prosecutor or Defendant's counsel about the terms of Defendant's plea arrangement. The trial court further misread a portion of Defendant's plea arrangement when asking him to confirm its terms-erroneously stating that he would receive a single Class F felony sentence under the plea arrangement, rather than three. Although the trial court made the requisite determination under N.C. Gen. Stat. § 15A-1022(b) that Defendant's plea was his "informed choice ... made freely, voluntarily and understandingly," it made this finding after a defective plea colloquy. And the trial court did not undertake a second colloquy with Defendant under N.C. Gen. Stat. § 15A-1022(b) on 28 February 2017 after discovering its error.
However, after a careful review of the record, we conclude the trial court's failure to comply with N.C. Gen. Stat. § 15A-1022(b) was harmless error. See generally Rogers , --- N.C. App. at ----, --- S.E.2d at ----, 2017 WL 5146157, at *6 (invoking Rule 2 to review a claim that the trial court misinformed defendant about his appellate rights during his plea colloquy, but holding the error was harmless). While Defendant asserts "there is no record that [he] ever accepted a plea agreement that required three separate judgments [,]" his signed transcript of plea expressly provides that his "offenses shall be consolidated into the three Class F felonies for sentencing[.]" See State v. Hendricks , 138 N.C. App. 668, 669-71, 531 S.E.2d 896, 898-99 (2000) (finding no prejudice where the trial court failed to conduct a full plea colloquy under N.C. Gen. Stat. § 15A-1022 but the defendant's signed transcript of plea included all the required inquiries). Indeed, Defendant does not allege any particular prejudice arising from the error,[3] nor does he claim that he would have pled differently if the trial court had fully complied with N.C. Gen. Stat. § 15A-1022(b). See State v. Williams , 65 N.C. App. 472, 480-81, 310 S.E.2d 83, 87-88 (1983). The hearing transcript, including Defendant's protestations to the court, reflect the parties' mutual expectation of multiple sentences. His counsel's statement shows Defendant accepted these terms in order to avoid a DWI conviction and the resulting loss of his driver's license.
"When reviewing the validity of a defendant's plea, our courts have declined 'to adopt a technical, ritualistic approach' to determining whether or not the plea was voluntary and intelligent." State v. Szucs , 207 N.C. App. 694, 701, 701 S.E.2d 362, 367 (2010) (quoting State v. Richardson , 61 N.C. App. 284, 289, 300 S.E.2d 826, 829 (1983) ). Rather, "we review the 'totality of the circumstances and determine whether non-compliance with the statute either affected defendant's decision to plead or undermined the plea's validity.' " Id. at 702, 701 S.E.2d at 367-68 (quoting Hendricks , 138 N.C. App. at 670, 531 S.E.2d at 898 ). Based on the totality of the circumstances here, we are satisfied Defendant was aware of the actual terms of his plea arrangement, notwithstanding the trial court's violation of N.C. Gen. Stat. § 15A-1022(b).
IV. Conclusion
For the reasons stated above, we remand for correction of clerical errors in 16 CRS 51049 and otherwise affirm.
AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERRORS IN 16 CRS 51049.
Report per Rule 30(e).
Judges BRYANT and INMAN concur.

See North Carolina v. Alford , 400 U.S. 25, 37-38, 27 L.Ed. 2d 162, 171-72 (1970) (allowing a defendant to plead guilty while maintaining his factual innocence).

Because Defendant did not preserve the right to appeal the denial of a pre-trial motion to suppress pursuant to N.C. Gen. Stat. § 15A-979(b) (2015), or move to withdraw his guilty plea, he has no additional right of appeal under N.C. Gen. Stat. § 15A-1444(e).

Defendant posits the trial court's misstatement of the plea terms "raises substantial questions about whether [he] entered his plea knowingly and voluntarily." He does not claim that he, in fact, entered his plea unknowingly or involuntarily or that his constitutional rights were violated. See Boykin v. Alabama , 395 U.S. 238, 244, 23 L.Ed. 2d 274, 280 (1969) (requiring the record to show " 'that the defendant voluntarily and understandingly entered his pleas of guilty' ") (quoting Boykin v. State , 281 Ala. 659, 663, 207 So. 2d 412, 415 (1968) (Goodwyn, J., dissenting) ).