STATE OF NORTH CAROLINA v. EARL ANDREW FRANKLIN

No. 7421SC635

(Filed 18 September 1974)

**1. Criminal Law § 90— motion for continuance denied — no prejudice**

The trial court did not err in denying defendant's motion for a continuance made on the grounds that the jury panel was present in court when defendant changed his plea from guilty to not guilty and demanded a jury trial and when defendant voiced dissatisfaction with his court appointed counsel and requested new counsel or permission to employ his own attorney, since defendant allowed those matters to come before the jurors by his own acts and since the court worked to avoid prejudice by conducting a hearing with respect to defendant's dissatisfaction outside the presence of prospective jurors and by instructing the jury to disregard the proceedings at arraignment.

**2. Criminal Law §§ 60, 169— fingerprint evidence — admission not prejudicial**

Defendant was not prejudiced by admission of expert testimony concerning the presence of his fingerprints on a stolen automobile where defendant himself admitted that his fingerprints were on the car.

APPEAL by defendant from *McConnell, Judge,* 18 February 1974 Session of Superior Court held in FORSYTH County.

Defendant Earl Andrew Franklin was indicted for felonious larceny of an automobile.

At the arraignment, the defendant, pursuant to a plea bargaining arrangement, pled guilty to temporary larceny of a motor vehicle, in violation of G.S. 20-105, for which he had also been indicted. Later defendant changed his plea to not guilty

and demanded a jury trial. In so doing, defendant stated that he understood the charges against him, and understood his right to plead not guilty and to request a jury trial.

This arraignment took place in the presence of prospective jurors. The Court instructed the potential jurors to disregard any of the proceedings at arraignment. Defendant then announced in open court that he would like another attorney and would like the case to be continued. At this point the Court, defendant, clerk, court reporter and attorneys retired to a room outside the presence of the prospective jurors for a brief hearing. Defendant's motion was denied.

The State presented the following evidence. On 2 October 1972, at 8:00 a.m., Roger Cope left his white 1963 Chevrolet Impala in a parking lot. It was unlocked and the keys were in the ignition. Approximately four hours later Cope returned to the lot and discovered that his automobile was missing. He reported this to the police the last Sunday in October.

On 29 October 1972, at about 9:00 a.m., Officer B. W. Rich was in a restaurant and recognized the defendant as a prison escapee. When defendant left the restaurant, Rich followed him. The defendant ran, and while chasing him, Rich observed a weapon on defendant's person. Rich placed defendant under arrest for carrying a concealed weapon.

An investigation revealed that defendant was traveling in the stolen white 1963 Chevrolet Impala. A search of defendant's person yielded keys which fit the ignition of the stolen automobile.

When the automobile was returned to Cope the speedometer registered an additional 2,000 miles.

John R. Davis, a criminal lab specialist, made a positive identification that the latent fingerprints taken from the vehicle were those of defendant.

While cross-examining Davis, defendant said that he would like to tell the jury "how my fingerprints came to be on the car." On the stand defendant added, "My fingerprints were on that car." Defendant further added, "The evidence against me is almost overwhelming in this case, but I would like to clarify some points to the jury." He then testified that his reason for being in the automobile was to help start it for another person.

State v. Franklin

Defendant was found guilty and judgment imposing a prison term was entered.

*Attorney General Robert Morgan by Archie W. Anders, Associate Attorney, for the State.*

*John J. Schramm, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant raises two points on appeal: (1) whether the Court erred in denying defendant's motion for continuance, and (2) whether the Court erred in permitting State's witness to testify regarding State's exhibits numbered five and six when said exhibits were not properly introduced into evidence.

[1]  Defendant moved for a continuance on the grounds that the jury panel was present in court when defendant made his pleas at the arraignment; and, when defendant voiced dissatisfaction with his court-appointed counsel and requested new counsel or permission to employ his own attorney. Defendant contends the Court erred in denying this motion. We do not agree.

"A motion for continuance is ordinarily addressed to the sound discretion of the trial court, and its ruling thereon is not subject to review absent an abuse of discretion [citations]." *State v. Baldwin,* 276 N.C. 690, 697, 174 S.E. 2d 526, 531. "Whether a defendant bases his appeal upon an abuse of judicial discretion, or a denial of his constitutional rights, to entitle him to a new trial because his motion to continue was not allowed, he must show both error and prejudice." *State v. Fountain,* 14 N.C. App. 82, 84, 187 S.E. 2d 493, 494, *as quoted in State v. Moses,* 272 N.C. 509, 158 S.E. 2d 617.

Defendant, of his own volition, made his original plea of guilty. He also chose to change the plea in open court. Further, defendant voluntarily voiced his dissatisfaction with his attorney before the prospective jurors. The jurors could not avoid hearing what defendant said. A defendant cannot by his own acts allow matters to come before jurors and then allege error by the Court in an attempt to escape the effects of his own acts.

The Court worked to avoid prejudice and minimize the effects of defendant's action. For example, after defendant's expression of dissatisfaction, the Court conducted a hearing on

the matter outside the presence of prospective jurors. In its instruction to jurors before accepting evidence, the Court instructed them to disregard the proceedings at arraignment and to base their verdict "solely upon the evidence as it comes from the witness stand and not anything which took place in the beginning of the Court's questioning of the defendant pertaining to his plea."

Our survey of the record reveals that the Court acted properly and defendant failed to show error and prejudice, or an abuse of discretion.

[2]  As to the second point, the Court's permitting the testimony of a State's witness regarding exhibits numbered five and six, we also affirm the Court's ruling. The substance of this testimony was that defendant's fingerprints were found on the stolen automobile. Defendant readily admitted on at least two occasions that his fingerprints were on the car. One of these admissions came at the conclusion of his cross-examination of State's witness. In view of defendant's admission, there is no prejudice as a result of the admission of the evidence. A verdict or judgment is not to be set aside on the basis of mere error and no more. The ruling complained of must not only be erroneous. It must also be material and prejudicial, and prove that but for the error a different result likely would have ensued. *See State v. Paige,* 272 N.C. 417, 424, 158 S.E. 2d 522, 527. The burden to prove that a different result would have ensued is on appellant.

Careful consideration of defendant's assignments of error leads us to conclude that they are without merit.

No error.

Judges CAMPBELL and PARKER concur.