STATE OF NORTH CAROLINA v. JESUS ESPINOZA-VALENZUELA

No. COA09-661

(Filed 20 April 2010)

**1. Evidence— prior crimes or bad acts—violence against victims' mother—mother victim of sexual abuse—not plain error**

The trial court did not commit plain error in a sexual offenses case by admitting into evidence testimony regarding defendant's violence against the mother of the two victims and testimony that the victims' mother had been a victim of sexual abuse as a child. The evidence was relevant and probative of issues in the case and even if the evidence was erroneously admitted, defendant failed to show that the jury would have reached a different result absent the error.

**2. Appeal and Error— preservation of issues—failure to object at trial**

Defendant's argument that the trial court erred in a sexual offenses case by allowing a doctor to testify that she recommended "trauma focus cognitive behavior therapy" for both child victims was overruled as defendant did not raise a proper objection at trial.

**3. Sexual Offenses— sufficient evidence—motion to dismiss properly denied**

The trial court did not err in denying defendant's motion to dismiss charges of first-degree statutory rape, first-degree statutory sexual offense, and taking indecent liberties with two minors as the evidence, viewed in the light most favorable to the State, was sufficient to support the charges.

**4. Sentencing— motion for appropriate relief granted—no prejudicial error**

Defendant's argument that the trial court did not have jurisdiction to grant defendant's motion for appropriate relief and reduce defendant's overall sentence in a sexual offenses case was overruled as defendant was not prejudiced by the granting of relief which he sought.

**5. Sentencing— consecutive sentences—not grossly disproportionate**

Defendant's original sentence of 57.5 to 71.25 years in prison for convictions of multiple sexual offenses, and his reduced sentence of 40 to 49.5 years in prison resulting from the trial court's granting of his motion for appropriate relief, did not violate the Eighth Amendment to the United States Constitution. Defendant failed to show that the trial court abused its discretion either in imposing three consecutive sentences within the presumptive range originally, or in reducing the overall time that defendant would serve for two consecutive sentences within the presumptive range.

Appeal by defendant Jesus Espinoza-Valenzuela from judgments entered 16 April 2009 by Judge A. Leon Stanback, Jr., in Wake County Superior Court. Heard in the Court of Appeals 4 November 2009.

*Attorney General Roy Cooper, by Special Deputy Attorney General Jennie Wilhelm Hauser, for the State.*

*Daniel F. Read for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Jesus Espinoza-Valenzuela ("defendant") appeals his convictions of first-degree sex offense with a child, attempted first-degree rape, and two separate counts of indecent liberties with a child. On appeal, defendant argues that the trial court committed plain error by allowing witnesses to testify regarding allegedly irrelevant evidence of defendant's prior domestic abuse of his long-term girlfriend, the victims' mother, and by allowing the admission of evidence that the victims' mother had also been a victim of sexual abuse as a child. Defendant also asserts that the trial court erred by denying his motion to dismiss the charges at the close of the evidence, and that the sentencing judge did not have jurisdiction to grant defendant's motion for appropriate relief after defendant had given notice of appeal. Finally, defendant contends that his original sentence and the reduced sentence pursuant to his motion for appropriate relief violate the Eighth Amendment of the United States Constitution. After review, we conclude the following: (1) defendant received a trial free of prejudicial error as the evidence admitted during trial was clearly relevant and not unduly prejudicial to defendant, given the overwhelming evidence against defendant which was also presented to

the jury; (2) the trial court properly denied defendant's motions to dismiss; (3) the trial court had jurisdiction and properly granted defendant's motion for appropriate relief given that defendant addressed his motion to the trial judge after filing notice of appeal; and (4) defendant's sentence falls within the presumptive range of the sentencing guideline, and thus it does not violate defendant's Eighth Amendment rights.

## I. FACTUAL BACKGROUND

In December of 2007, defendant was arrested for sexually abusing MGV and YGV, the daughters of his long-time girlfriend, Victoria Mariano. On 28 January 2008, a grand jury indicted defendant on charges of (1) first-degree sexual offense, (2) first-degree statutory rape, (3) two counts of indecent liberties with YGV, (4) first-degree statutory rape, (5) one count of indecent liberties with MGV, and (6) first-degree statutory sex offense with MGV. Defendant pled not guilty to all charges and was tried before a jury on 2-6 February 2009.

At trial, the State's evidence showed the following: Victoria Mariano and defendant were involved in a romantic relationship, but were never legally married. Defendant and Victoria had a contentious relationship and fought frequently. The couple have two children together; however, Victoria has three children of her own, including MGV, born in 1996, and YGV, born in 1997. Defendant also has a wife and children in Mexico.

Defendant moved into Victoria's house in 1999 when MGV was only three years old. MGV could not remember exactly, but when she was seven or eight years old, defendant began to go into her room and touch her vagina and breasts and make her lick his penis. This happened on several occasions, but MGV could not recall how many times. MGV told her mom that defendant had been touching her and putting his penis in her vagina, but he denied it. Defendant told MGV that if she told anybody he would kill her and her mom. MGV was scared to tell anyone because defendant frequently beat her mother when he was drunk.

Beginning around a year or a year and a half before defendant's arrest, he also began sexually abusing YGV. On one specific occasion, defendant pushed her down on the bed, covered her mouth and tried to forcibly insert his penis in her vagina. She resisted him and defendant failed to fully insert his penis. He also touched her breasts, and made her put her hands on his penis.

When YGV told MGV that defendant had been touching her too, they both told their mother about defendant's actions. Defendant denied touching either girl. Victoria called the police to report the allegations. There is some confusion regarding the length of time that passed between the moment that YGV and MGV confided in their mother and when Victoria initiated the call to the police.

On 8 December 2007, Officer Corinne McCall was dispatched to Victoria's residence at about 5:30 p.m. Officer McCall interviewed MGV first and asked the girl if defendant hurt her. She responded, "Yes," whereupon the officer contacted a Department of Social Services ("DSS") caseworker because the matter involved children who had been victims of abuse. Officer McCall then transported YGV, MGV, and Victoria to WakeMed Hospital.

Dr. St. Claire oversaw the medical examination of MGV and YGV. The examination showed that MGV had some findings on her genital exam but they were non-specific. Dr. St. Claire's examination of YGV's genital exam was normal, consistent with the exams at the emergency room. Dr. St. Claire determined that this was not unusual even in children who have had sexual contact. At trial, over objection, Dr. St. Clair was allowed to testify that she recommended that both girls receive trauma focus cognitive behavior therapy for children who have experienced childhood trauma.

Scott Snider, an employee at the Duke Child Abuse and Neglect Medical Evaluation Clinic, conducted the diagnostic interviews for YGV and MGV. Both children were referred to Mr. Snider by Wake County DSS after indicating concern for possible sexual abuse of both children by defendant. Mr. Snider interviewed YGV on 14 December 2007 and MGV on 21 December 2007, at which point he concluded that both victims could tell the difference between the truth and a lie.

Cindy Frye, a licensed clinical social worker employed as a therapist at Wake County Human Services, began working with YGV and MGV in early April 2008. They both received treatment from Ms. Frye once a week. Ms. Frye helped the children create a narrative of what happened by creating a book of memories that they recalled happening.

Dr. Donna Moro-Sutherland, a doctor in the pediatric emergency room at WakeMed, testified that YGV and MGV were first seen at the WakeMed Emergency Room at about 11:00 p.m. on 8 December 2007.

Dr. Moro-Sutherland first talked to YGV. YGV told the doctor she was there because defendant had put his penis in her private area, put his penis in her mouth, and made her lick his penis. The doctor testified that MGV's hymen had a thin rim with a defect, a skin tag at 9 o'clock, and an anal skin tag at 6 o'clock; however, these findings were indeterminate as to cause. Urinalysis revealed YGV had a urinary tract infection for which she was prescribed an antibiotic. According to the doctor, specific findings for sexual assault are difficult to identify with children because they heal so quickly. It was her opinion that if the abuse happened several years before, it is not surprising that there would be no specific findings of sexual assault.

Katie Treadway, an employee for the Child Protective Services Division of Wake County Human Services, was assigned the file on the two victims on 10 December 2007. Ms. Treadway scheduled a child medical evaluation and a home visit with Victoria on 11 December 2007. During the home visit Victoria was very upset and emotional.

Defendant testified that he lived with Victoria for about eight years, but had a wife in Mexico. While testifying, defendant stated that in 2007, when he was preparing to go to Mexico to see his wife and children, Victoria threatened to "cut off his penis" if he tried to leave. He also testified that Victoria said that she would rather see him dead or in jail, and that if defendant was not going to be with her, he was not going to be with anyone else. Defendant denied improperly touching either MGV or YGV.

After the conclusion of all of the evidence, the jury convicted defendant of (1) first-degree statutory sex offense with YGV, (2) attempted first-degree statutory rape of YGV, (3) two counts of indecent liberties with YGV, (4) first-degree statutory rape of MGV, and (5) indecent liberties with MGV. Defendant was sentenced to three consecutive sentences of 230 months' to 285 months' imprisonment (credited 425 days) and was ordered to enroll in satellite-based monitoring for life.

On 6 February 2009, defendant gave notice of appeal as of right pursuant to N.C. Gen. Stat. § 15A-1444 (2009) in open court. On 24 February 2009, defendant filed a motion for appropriate relief seeking resentencing based on his contention that the sentence was not supported by the evidence presented at the trial and sentence hearing. On 16 April 2009, pursuant to defendant's motion for appropriate relief, Judge A. Leon Stanback, Jr., conducted a resentencing

hearing and modified defendant's sentence to a presumptive term of two consecutive sentences of 240 to 297 months' imprisonment (plus monitoring).

On appeal, defendant contends that the trial court erred by (1) allowing witnesses to testify regarding defendant's violence against Victoria, and by allowing Katie Treadway to testify that she had been a victim of sexual abuse as a child; (2) allowing Dr. St. Claire to testify regarding the victims' treatment; (3) improperly denying defendant's motion to dismiss; (4) improperly granting defendant's motion for appropriate relief based on his contention that the sentencing court did not have jurisdiction to grant such a motion while the appeal was pending; and (5) committing a constitutional error of cruel and unusual punishment by sentencing defendant to a sentence of 690 to 855 months' imprisonment, later modified to 480 to 594 months' imprisonment.

## II. TESTIMONY REGARDING DEFENDANT'S VIOLENCE TOWARD VICTORIA AND VICTORIA'S PAST AS A CHILD SEXUAL ABUSE VICTIM

**[1]** Defendant contends that the trial court committed plain error by (1) admitting evidence that defendant struck Victoria, the victims' mother, in the victims' presence; and (2) allowing Katie Treadway, an employee of Child Protective Services, to testify that the victim's mother had been a victim of abuse. Defendant avers that this evidence is irrelevant, unduly prejudicial, and served to inflame the jury against him. We disagree.

### A. Standard of Review & Applicable Rule of Law

Initially, we note that defendant did not raise an objection at trial to (1) the testimony of any witness regarding the victims' statements about defendant hitting Victoria in their presence or (2) Ms. Treadway's testimony that Victoria had been a child victim of sexual abuse. Where no objection is raised, defendant must establish "plain error," if any, in the admission of the testimony. *See State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). "[P]lain error, . . . is error 'so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.' " *State v. Parker*, 350 N.C. 411, 427, 516 S.E.2d 106, 118 (1999) (citation omitted). The "plain error" rule is applicable to questions involving the admissibility of evidence. *State v. Black*, 308 N.C. 736, 741, 303 S.E.2d 804, 806-07 (1983).

STATE v. ESPINOZA-VALENZUELA

[203 N.C. App. 485 (2010)]

Pursuant to Rule 401 of the North Carolina Rules of Evidence, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2009). Ordinarily, any evidence tending to support a theory of the case being tried is admissible as relevant unless the only probative value of such evidence is to show that the defendant has the propensity to commit an offense of the nature of the crime charged. *State v. Coffey*, 326 N.C. 268, 278-80, 389 S.E.2d 48, 54-55 (1990).

If the evidence tends to prove some relevant fact, it may be shown by competent evidence unless the probative value is outweighed by the prejudicial effect or the act is too remote to have substantial probative value. *State v. Jones*, 322 N.C. 585, 369 S.E.2d 822 (1988). However, evidence that is probative in the State's case necessarily will have some prejudicial effect on the defendant. *State v. Mercer*, 317 N.C. 87, 93, 343 S.E.2d 885, 890 (1986).

## B. Defendant's Violence Toward Victoria

First, defendant contends that the trial court committed plain error by admitting evidence that defendant had struck the victims' mother in the victims' presence. We conclude that, because the evidence was relevant and probative of the victims' motivation not to immediately report crimes involving her family members and defendant, the trial court did not commit plain error.

Pursuant to the standard of review and the applicable rule of law, the testimony which tended to show that defendant beat the victims' mother on various occasions was not automatically inadmissible, even though it also tended to show defendant's character. In fact, such evidence was relevant to show why both girls were afraid to report defendant's sexual abuse. This evidence was also relevant to refute defendant's assertion that Victoria was pushing the children to make these allegations to get defendant arrested and out of the house.

Additionally, under the plain error standard, defendant failed to show that a "reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial[.]" N.C. Gen. Stat. § 15A-1443(a) (2009); *see State v. Keys*, 87 N.C. App. 349, 361 S.E.2d 286 (1987). In this case, the jury was presented with the following evidence: (1) testimony of MGV that defendant raped her, forced her to perform fellatio on him, and touched her

breasts and vagina; (2) testimony of YGV that defendant attempted to rape her but did not penetrate her vagina, forced her to perform fellatio on him, and touched her breasts and vagina; (3) testimony of Victoria that the girls reported defendant's abuse to her; (4) testimony of Dr. Moro-Sutherland, the expert in pediatric emergency medicine; (5) testimony of a police officer and a social worker; and (6) testimony of both Dr. St. Claire and Dr. Moro-Sutherland, experts in pediatric medicine, that it would be uncommon to have specific physical findings of penetration in children.

The State presented overwhelming evidence against defendant to the jury, and on appeal defendant has failed to show any fundamental error that resulted in a miscarriage of justice and which probably resulted in the jury reaching a different verdict than it otherwise would have reached merely because certain witnesses were allowed to mention defendant's violence against the victims' mother. *See State v. Stancil*, 146 N.C. App. 234, 240, 552 S.E.2d 212, 215-16 (2001), *modified and aff'd per curiam*, 355 N.C. 266, 559 S.E.2d 788 (2002).

In light of the overwhelming direct and circumstantial evidence of defendant's guilt, any error which could have resulted from the trial court's allowing testimony concerning the domestic violence between defendant and Victoria was harmless error. *See State v. Gordon*, 104 N.C. App. 455, 459, 410 S.E.2d 4, 7, *disc. review denied*, 330 N.C. 443, 412 S.E.2d 78 (1991). Accordingly, we overrule this assignment of error, and hold that the trial court did not commit plain error.

### C. Victoria's Childhood Sexual Abuse

Defendant next argues that the trial court committed plain error by allowing Katie Treadway, an employee of Child Protective Services, to testify that the victim's mother had been a victim of sexual abuse as a child. As discussed previously, defendant did not object at the time this evidence was offered; therefore, we examine defendant's argument under the plain error standard. With regard to his argument, defendant specifically contends that informing the jury that the victims' mother had also been a victim of sexual abuse creates sympathy for the mother, resulting in unfair prejudice to defendant by exciting the jury's emotions.

Here, the trial court did not commit plain error by allowing Ms. Treadway's testimony, because contrary to defendant's contention, the information that Victoria had been a sexual abuse victim was relevant to the question of why she hesitated to contact authorities in

the face of information from MGV that defendant was sexually molesting both MGV and YGV. As Ms. Treadway explained, "often times when you have one parent who has been abused and then their children become abused, those emotions from their past abuse come into play with how they react." Based on her experience in investigating abuse and neglect of children, Ms. Treadway was in a better position than the jurors to understand the emotions that would have prevented Victoria from reporting defendant's abuse to authorities.

Ms. Treadway's statement concerning the possible emotions that Victoria felt as a child victim of sexual abuse was relevant to (1) explain why Victoria delayed notifying authorities of YGV's and MGV's claims of sexual abuse and (2) rebut defendant's assertion that the girls were lying because their mom did not immediately report the abuse. As such, we hold that the trial court's failure to *sua sponte* strike Ms. Treadway's testimony from the jury's consideration was not plain error. This assignment of error is overruled. *See State v. Alston*, 131 N.C. App. 514, 517-18, 508 S.E.2d 315, 318 (1998).

### III. DR. ST. CLAIRE'S TESTIMONY REGARDING THE VICTIMS' MEDICAL TREATMENT

[2] Defendant contends that the trial court erred when it overruled his objection to Dr. St. Claire's testimony that her medical recommendations for both victims included "trauma focus cognitive behavior therapy." Defendant asserts that allowing this testimony was error because it served to bolster the credibility of the victims.

Initially, we note that defendant did not make the proper objection at trial, and as such, did not give the trial court the opportunity to rule on the objection he now raises. Defendant did not object to Dr. St. Claire's qualifications at the time she was tendered and accepted by the trial court as an expert in pediatric medicine and child abuse and neglect. In fact, at trial defendant's counsel argued to the court that admission of Dr. St. Claire's testimony was cumulative of prior testimony and might confuse the jury because "they can infer that the doctor's [conclusion was that] in her opinion it was sexual abuse." In response to this argument the trial court determined that the probative value was not outweighed by any prejudicial effect.

As defendant did not raise a proper objection at trial and does not argue plain error on appeal, this assignment of error is overruled. N.C. R. App. P. 10(b)(1) (2009); *see In re K.D.*, 178 N.C. App. 322, 326, 631 S.E.2d 150, 153 (2006).

## IV. MOTION TO DISMISS

[3] Defendant argues that the trial court erred in denying his motion to dismiss the seven charges in the indictment based on his contention that the evidence "was simply unbelievable." With regard to this issue, we note that the testimony of a prosecuting witness alone is sufficient to support a charge, as the jury must weigh any contradictions or discrepancies in that testimony. *State v. Quarg*, 334 N.C. 92, 100, 431 S.E.2d 1, 5 (1993). Accordingly, we disagree with defendant's contention and overrule this assignment of error.

The test for sufficiency of the evidence in a criminal trial is whether there is substantial evidence to support a finding (1) of each essential element of the offense charged, and (2) that the defendant committed the offense. *State v. Golphin*, 352 N.C. 364, 458, 533 S.E.2d 168, 229 (2000). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Vick*, 341 N.C. 569, 461 S.E.2d 655 (1995). The trial court need only satisfy itself that the evidence is sufficient to take the case to the jury; the court need not be concerned with the weight of the evidence. *State v. Sokolowski*, 351 N.C. 137, 143, 522 S.E.2d 65, 69 (1999).

In considering a criminal defendant's motion to dismiss for insufficiency of the evidence, the evidence is to be considered in the light most favorable to the State. The State is entitled to every reasonable inference to be drawn therefrom. *Golphin*, 352 N.C. at 458, 533 S.E.2d at 229; *State v. Williams*, 127 N.C. App. 464, 490 S.E.2d 583 (1997). Review of the sufficiency of the evidence to withstand a defendant's motion to dismiss is the same whether the evidence is direct, circumstantial, or both. *State v. Jones*, 303 N.C. 500, 279 S.E.2d 835 (1981). Determination of the witness's credibility is for the jury. *State v. Locklear*, 322 N.C. 349, 368 S.E.2d 377 (1988). In the present case, it is clear from the transcript that there was sufficient evidence to survive defendant's motion to dismiss all of the charges.

Defendant was indicted and tried for the crimes of first-degree statutory rape, first-degree statutory sexual offense, and taking indecent liberties with MGV and YGV. The jury convicted defendant of statutory rape against MGV and the attempted rape of YGV. N.C. Gen. Stat. § 14-27.2 (2009) provides, in pertinent part that "[a] person is guilty of rape in the first degree if the person engages in vaginal intercourse . . . [w]ith a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at last four years older than the victim[.]"

Defendant was also convicted of first-degree sexual offense against both MGV and YGV. N.C. Gen. Stat. § 14-27.4(a)(1) (2009) states, in pertinent part:

A person is guilty of a sexual offense in the first degree if the person engages in a sexual act . . . [w]ith a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim[.]

*Id.* The term "sexual act," as used in this section includes fellatio. *See State v. DeLeonardo*, 315 N.C. 762, 340 S.E.2d 350 (1986).

Likewise, defendant was convicted for the crimes of taking indecent liberties with both MGV and YGV. N.C. Gen. Stat. § 14-202.1(a)(1) (2009) states, in pertinent part:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he . . .

1. Willfully takes . . . any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire[.]

*Id.*

MGV and YGV both recounted specific details about the sexually abusive conduct of defendant. In the present case MGV testified that: (1) defendant had put his private in her private; (2) defendant had made her lick his penis; (3) defendant touched her breasts and vagina and made her touch his penis. Likewise, YGV testified that: (1) defendant tried to put his penis in her vagina, and the skin of his penis touched her vagina, but his penis did not go inside; (2) defendant made her lick his penis and put his penis inside her mouth; (3) defendant, among other things, made her stroke his penis. Moreover, the girls' mother, Officer Corinne McCall, Dr. St. Claire, Dr. Moro-Sutherland, Scott Snider, Cindy Frye, and Katie Treadway all testified that MGV and YGV both told them about defendant's sexually abusive conduct. Additionally, the State introduced as evidence the recorded interviews of the girls that were used by the medical team at the child abuse center to make their treatment recommendations.

It is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty. *State v. Thomas*, 296 N.C. 236, 244, 250 S.E.2d 204, 208-09 (1978). If the trial court determines that a reason-

able inference of defendant's guilt may be drawn from the evidence, the court must deny defendant's motion and send the case to the jury even though the evidence may support reasonable inferences of defendant's innocence. *State v. Grigsby*, 351 N.C. 454, 456-57, 526 S.E.2d 460, 462 (2000). "Any contradictions and discrepancies in the evidence are for the jury to resolve, and these inconsistencies, by themselves, do not serve as grounds for dismissal." *State v. Rich*, 132 N.C. App. 440, 452, 512 S.E.2d 441, 449 (1999), *aff'd*, 351 N.C. 386, 527 S.E.2d 299 (2000).

Viewing the evidence in the light most favorable to the State, we hold that there was sufficient evidence to survive defendant's motion to dismiss. Accordingly, we overrule defendant's assignment of error.

## V. MOTION FOR APPROPRIATE RELIEF

[4] Defendant contends that the trial court did not have jurisdiction to grant his Motion for Appropriate Relief after defendant gave his notice of appeal. Defendant cites N.C. Gen. Stat. § 15A-1418(a) (2009) in support of this proposition. As a result of defendant's motion for appropriate relief, Judge Stanback reduced defendant's overall sentence from the former minimum of 57.5 years and maximum of 71.25 years in prison to a minimum of 40 years and a maximum of 49.5 years in prison.

Defendant fails to recognize N.C. Gen. Stat. §§ 15A-1414(b)(4) and -1415(b)(8) (2009), which clearly require defendant to address a motion for appropriate relief with regard to the lack of evidence to support the sentence to the sentencing judge within ten days after entry of judgment. To the extent that there might have been any error in Judge Stanback's agreeing to reduce defendant's sentence, we note that defendant created the situation of which he now complains by addressing his motion for appropriate relief to the sentencing judge after having filed his notice of appeal and beyond the 10-day period for filing such motion after entry of the verdict. "A defendant is not prejudiced by the granting of relief which he has sought or by error resulting from his own conduct." N.C. Gen. Stat. § 15A-1443(c) (2009); *see State v. Franklin*, 23 N.C. App. 93, 95, 208 S.E.2d 381, 383 (1974). Accordingly, we overrule defendant's assignment of error.

## VI. DEFENDANT'S SENTENCE VIOLATIVE OF EIGHTH AMENDMENT

[5] Defendant finally contends that the original sentence and the reduced sentence resulting from the trial court's granting of his motion

·IN RE T.B., C.P., & I.P.

[203 N.C. App. 497 (2010)]

for appropriate relief violate the Eighth Amendment to the United States Constitution. We disagree.

"Only in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment[]." *State v. Ysaguire*, 309 N.C. 780, 786, 309 S.E.2d 436, 441. It is well established that the decision to impose consecutive or concurrent sentences is within the discretion of the trial judge and will not be overturned absent a showing of abuse of discretion. *See id.* at 785, 309 S.E.2d at 440.

Defendant has failed to show how Judge Stanback abused his discretion either in imposing three consecutive sentences within the presumptive range originally, or in reducing the overall time that defendant would serve for two consecutive sentences within the presumptive range after granting defendant's motion for appropriate relief. Therefore, we conclude that defendant's assignment of error is without merit.

## VII. CONCLUSION

For the above stated reasons, we hold that defendant received a trial free of prejudicial error; the trial court properly denied defendant's motions to dismiss; the trial court properly granted defendant's motion for appropriate relief; and defendant's sentence did not violate the Eighth Amendment to the United States Constitution.

No error.

Judges ELMORE and STEELMAN concur.