An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1162

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

STATE OF NORTH CAROLINA

    v.

TERRANCE JAVARR ROSS

Cleveland County
Nos. 09 CRS 53903, 53906-07

Appeal by defendant from judgments entered 18 April 2013 by Judge J. Thomas Davis in Cleveland County Superior Court. Heard in the Court of Appeals 26 May 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Joseph L. Hyde, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Barbara S. Blackman, for defendant.*

HUNTER, Robert C., Judge.

Defendant Terrance Javarr Ross appeals from judgments sentencing him based upon convictions for attempted bribery of a juror, felony obstruction of justice, and solicitation to commit bribery of a juror. Because the trial court did not consider an irrelevant and improper matter at sentencing, and did not abuse

its discretion by imposing consecutive sentences upon defendant, we find no error.

**Background**

On 20 July 2009, a grand jury returned indictments charging defendant with attempted bribery of a juror, felony obstruction of justice, and solicitation to commit bribery of a juror. A jury subsequently found defendant guilty of those charges, and defendant entered a guilty plea to a charge of having attained the status of an habitual felon. The trial court sentenced defendant as an habitual felon to three concurrent sentences of 120 to 153 months imprisonment based upon each of the convictions.

Defendant appealed, and this Court concluded, in part, that the trial court lacked jurisdiction over the habitual felon charge because the habitual felon indictment had been returned before defendant committed the crimes for which the jury found him guilty. *State v. Ross*, ___ N.C. App. ___, 727 S.E.2d 370 (2012), *disc. review denied*, 366 N.C. 570, 738 S.E.2d 369 (2013). This Court vacated the judgments entered against defendant and remanded this cause for resentencing within the appropriate sentencing ranges. *Id.* at __, 727 S.E.2d at 375.

The trial court entered new judgments on 18 April 2013, sentencing defendant to consecutive terms of 21 to 26, 15 to 18, and 15 to 18 months imprisonment based upon his convictions. Defendant's sentences were also set to begin at the expiration of all sentences to which he was then obligated to serve. On 26 April 2013, defendant filed written notice of appeal from the judgments.

**Discussion**

We first address whether defendant's notice of appeal is sufficient to confer jurisdiction over his appeal onto this Court. Rule 4 of the North Carolina Rules of Appellate Procedure provides, in part, that a written notice of appeal from a criminal judgment must be served upon all adverse parties, designate the judgments from which the appeal is taken, and identify the court to which the appeal is taken. N.C. R. App. P. 4(a),(b) (2013). A defendant's failure to comply with the mandatory provisions of Rule 4 divests this Court of jurisdiction to hear the appeal. *State v. Hughes*, 210 N.C. App. 482, 484, 707 S.E.2d 777, 778 (2011); *see also Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 197-98, 657 S.E.2d 361, 365 (2008) ("A jurisdictional default . . . precludes the appellate court from acting in any manner other

than to dismiss the appeal. Stated differently, a jurisdictional default brings a purported appeal to an end before it ever begins." (citations and quotation marks omitted)).

Defendant's *pro se* written notice of appeal does not identify the court to which his appeal is taken, was not served on the State, and does not properly identify all of the judgments from which he appeals. Thus, we must dismiss defendant's appeal for lack of jurisdiction. However, in the interest of justice and in our discretion, we allow defendant's petition for the issuance of a writ of certiorari and reach the merits of his arguments on appeal.

On appeal, defendant argues the trial court erred and abused its discretion in sentencing him to consecutive sentences at the maximum end of the presumptive range. Defendant first argues the State introduced irrelevant and unfair considerations into the resentencing process when it urged the trial court to sentence defendant to consecutive sentences at the maximum end of the presumptive range because defendant qualified as an habitual felon. Defendant contends the State's sentencing requests sought to atone for its error in obtaining the habitual felon indictment and failed "to impose a punishment commensurate with the injury the offense has caused[.]" N.C. Gen. Stat. §

15A-1340.12 (2013). Defendant further contends that because nothing about his offenses or himself objectively warranted deviating from the middle of the available presumptive range, the State's comments regarding his qualification for habitual felon status offended the "public sense of fair play." Defendant's arguments are misplaced.

"When a sentence is within the statutory limit it will be presumed regular and valid unless 'the record discloses that the court considered irrelevant and improper matter in determining the severity of the sentence.'" *State v. Davis*, 167 N.C. App. 770, 775, 607 S.E.2d 5, 9 (2005) (quoting *State v. Johnson*, 320 N.C. 746, 753, 360 S.E.2d 676, 681 (1987)). "If the record discloses that the court considered irrelevant and improper matter in determining the severity of the sentence, the presumption of regularity is overcome, and the sentence is in violation of [the] defendant's rights." *State v. Boone*, 293 N.C. 702, 712, 239 S.E.2d 459, 465 (1977). Where "the record reveals no such express indication of improper motivation," the defendant is not entitled to a new sentencing hearing. *Johnson*, 320 N.C. at 753, 360 S.E.2d at 681.

Here, the record contains no express indication of improper motivation. The State's comment that defendant qualified as an

habitual felon cannot be considered an irrelevant and improper matter in defendant's sentencing. In calculating a defendant's prior record level, trial courts routinely see information that indicates whether or not a defendant would qualify as an habitual felon. It is clear that a trial court may not sentence a defendant as an habitual felon without a proper conviction for attaining that status. However, there is nothing that prohibits a trial court from considering the number and nature of a defendant's prior convictions when it decides which specific sentence to select within the discretionary range of minimum terms established by a defendant's prior record level and class of offense. *State v. Oakes*, ___ N.C. App. ___, ___, 724 S.E.2d 132, 137-38 (2012); *see also State v. Parker*, 143 N.C. App. 680, 685-86, 550 S.E.2d 174, 177 (2001) ("The Structured Sentencing Act clearly provides for judicial discretion in allowing the trial court to choose a minimum sentence within a specified range."). The trial court's imposition of the maximum possible sentence in the presumptive range, as requested by the State, was within its discretion, so defendant has not met his burden of showing his sentences are based on irrelevant or impermissible factors.

Defendant also argues that consecutive sentences were not warranted in his case based on the nonviolent nature of his offenses and the fact that all of them arose out of the same conduct. However, "[i]t is well established that the decision to impose consecutive or concurrent sentences is within the discretion of the trial judge and will not be overturned absent a showing of abuse of discretion." *State v. Espinoza-Valenzuela*, 203 N.C. App. 485, 497, 692 S.E.2d 145, 154, *disc. review denied*, 364 N.C. 328, 701 S.E.2d 238 (2010). Defendant cites to no authority, and we know of none, that suggests it is an abuse of discretion to impose consecutive sentences based upon convictions for committing non-violent offenses, and defendant concedes that his conduct constituted the distinct offenses for which the jury found him guilty.

## Conclusion

We hold defendant has not shown the trial court abused its discretion in sentencing defendant to consecutive sentences, and we find no error in the judgments entered.

NO ERROR.

Judges STEPHENS and ERVIN concur.

Report per Rule 30(e).