STATE OF NORTH CAROLINA v. ROBERT WAYNE PHILLIPS, DEFENDANT

No. COA09-1105

(Filed 6 April 2010)

**Sexual Offenses— satellite-based monitoring—finding of aggravated offenses—error**

The trial court erred in finding that defendant's convictions for taking indecent liberties with a child pursuant to N.C.G.S. § 14-202.1 and felonious child abuse by the commission of any sexual act pursuant to N.C.G.S. § 14-318.4(a2) were "aggravated offenses" as defined in N.C.G.S. § 14-208.6(1a). Thus, the trial court erred in ordering defendant to enroll in a lifetime satellite-based monitoring program.

Appeal by defendant from order entered 8 June 2009 by Judge Charles H. Henry in Onslow County Superior Court. Heard in the Court of Appeals 9 February 2010.

*Roy Cooper, Attorney General, by Joseph Finarelli, Assistant Attorney General, for the State.*

*Richard Croutharmel, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant Robert Wayne Phillips appeals from the trial court's order requiring him to enroll in a satellite-based monitoring program for the duration of his natural life. Because defendant was not convicted of an "aggravated offense" as defined in N.C.G.S. § 14-208.6(1a), we must reverse the trial court's order.

Defendant was charged with the following offenses: first-degree rape of a child under the age of 13 years in violation of N.C.G.S. § 14-27.2(a)(1); first-degree sexual offense of a child under the age of 13 years in violation of N.C.G.S. § 14-27.4(a)(1); taking indecent liberties with a child in violation of N.C.G.S. § 14-202.1; contributing to the delinquency of a juvenile in violation of N.C.G.S. § 14-316.1; and felonious child abuse by the commission of any sexual act in violation of N.C.G.S. § 14-318.4(a2). Defendant entered pleas of guilty to felonious child abuse by the commission of any sexual act in violation of N.C.G.S. § 14-318.4(a2) and taking indecent liberties with a child in violation of N.C.G.S. § 14-202.1; the remaining charges of first-degree rape and first-degree sexual offense

STATE v. PHILLIPS

[203 N.C. App. 326 (2010)]

of a child and contributing to the delinquency of a juvenile were dismissed pursuant to defendant's plea agreement.

The factual basis for defendant's plea was presented by the State without objection and with defendant's consent. According to this uncontested recitation of the facts, in January 2007, defendant was living with his girlfriend and her children, including her 10-year-old daughter, R.B. According to the State, although R.B. "had indicated it had happened more than once," R.B. reported that, on 9 January 2007, the then-44-year-old defendant raped and sexually abused her. According to the State:

> [R.B.] stated that on this night that this defendant came into her room and, as she told officers initially at the spot, put his penis inside her privates as she pointed to her genitalia. When they asked her to be a little more specific about what occurred, she stated she was on her bed in her room when this defendant came into her room, started messing with her last night. This being talked about on the 10th of January. The defendant made her get on the floor near her window, pull her shorts and her underwear off. He then put his penis inside her and was moving around inside her. He pulled his penis out of her and some white stuff came out. Said that he caught the white stuff in his hand.

R.B. was examined at the Teddy Bear Clinic and was found to have "a healed transaction at 8 o'clock to the base of [her] hymen which is evidence of prior penetrating trauma which they said will be consistent with [R.B.'s] allegation of sexual abuse."

The trial court sentenced defendant to an active term of imprisonment for a minimum of 25 months and a maximum of 39 months. Defendant was thereafter notified by the North Carolina Department of Correction that he was required to register as a sex offender upon his release from prison. On 8 June 2009, the trial court conducted a hearing to determine whether defendant was also required to submit to a satellite-based monitoring ("SBM") program. The trial court determined that defendant had been convicted of one or more "aggravated offenses" as defined in N.C.G.S. § 14-208.6(1a), and so ordered defendant to enroll in a lifetime SBM program. Defendant gave notice of appeal from the trial court's order.

---

Defendant contends the trial court erred when it found that his convictions of the offenses of taking indecent liberties with a child pursuant to N.C.G.S. § 14-202.1 and felonious child abuse by the com-

mission of any sexual act pursuant to N.C.G.S. § 14-318.4(a2) are "aggravated offenses" as defined in N.C.G.S. § 14-208.6(1a), and that the trial court erred when it ordered him to enroll in a lifetime SBM program upon such findings.

The sex offender monitoring program set forth in Article 27A of the North Carolina General Statutes is "designed to monitor three categories of offenders,"[1] one of which includes those offenders who are "convicted of an aggravated offense as . . . defined in [N.C.G.S. §] 14-208.6." *See* N.C. Gen. Stat. § 14-208.40(a)(1) (2009). As used in this Article, an "aggravated offense" is "any criminal offense that includes either": (i) "engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through the use of force or the threat of serious violence"; or (ii) "engaging in a sexual act involving vaginal, anal, or oral penetration with a victim who is less than 12 years old." N.C. Gen. Stat. § 14-208.6(1a) (2009); *see State v. Davison*, —— N.C. App. ——, ——, S.E.2d ——, ——, (Dec. 8, 2009) (No. COA09-212) ("[I]t is clear that an 'aggravated offense' is an offense including: first, a sexual act involving vaginal, anal or oral penetration; and second, either (1) that the victim is less than twelve years old or (2) the use of force or the threat of serious violence against a victim of any age."). When a trial court makes a determination, either pursuant to the procedures set forth in N.C.G.S. §§ 14-208.40A or 14-208.40B, that a conviction offense is an "aggravated offense," the General Assembly has provided that the trial court "shall order the offender to enroll in [a] satellite-based monitoring [program] for life." *See* N.C. Gen. Stat. §§ 14-208.40A(c), 14-208.40B(c) (2009).

In *State v. Davison*, —— N.C. App. ——, ——, S.E.2d —— (Dec. 8, 2009) (No. COA09-212), this Court considered whether the trial court properly determined that a defendant convicted of attempted first-degree sex offense and of taking indecent liberties with a child had committed "aggravated offenses" when the court based its determination in part upon the defendant's "recitation of the underlying facts giving rise to his convictions." *See Davison*, —— N.C. App. at ——, ——, S.E.2d at ——. After reviewing the language of the statutes at issue, this Court held that the General Assembly's "repeated use of the term 'conviction' " compelled the conclusion that the trial court "is only to consider *the elements of the offense of which a defendant was con-*

---

1. At the time defendant committed the offenses in the underlying case, North Carolina's SBM program monitored two categories of offenders, both of which are still among the now-three categories of offenders monitored by the program. *See* N.C. Gen. Stat. § 14-208.40(a) (2009); 2008 N.C. Sess. Laws 426, 435, ch. 117, § 16; 2006 N.C. Sess. Laws 1065, 1074-75, ch. 247, § 15(a).

*victed* and is not to consider the underlying factual scenario giving rise to the conviction" when determining whether a defendant's "conviction offense [i]s an aggravated offense" under the procedures set forth in N.C.G.S. § 14-208.40A. *Davison,* —— N.C. App. at ——, ——, S.E.2d at —— (emphasis added). Shortly after *Davison* was decided, this Court applied this same rule when determining whether a defendant's conviction offense was an "aggravated offense" under the procedures set forth in N.C.G.S. § 14-208.40B. *See State v. Singleton,* —— N.C. App. ——, ——, S.E.2d ——, ——, (Jan. 5, 2010) (No. COA09-263). Thus, in order for a trial court to conclude that a conviction offense is an "aggravated offense" under the procedures of either N.C.G.S. §§ 14-208.40A or 14-208.40B, this Court has determined that the elements of the conviction offense must "fit within" the statutory definition of "aggravated offense." *See Singleton,* —— N.C. App. at ——. ——, S.E.2d at ——.

In *Davison,* this Court concluded that the elements of the offense of indecent liberties with a child under N.C.G.S. § 14-202.1(a) "requires none of the . . . factors required by the definition of an 'aggravated offense'" and, therefore, determined that the offense of indecent liberties with a child could not sustain the trial court's determination that the defendant was convicted of an "aggravated offense." *See Davison,* —— N.C. App. at ——, ——, S.E.2d at ——. Consequently, in the present case, we must also conclude that defendant's conviction of the offense of taking indecent liberties with a child pursuant to N.C.G.S. § 14-202.1 is not an "aggravated offense" and that any determination by the trial court to the contrary was in error. Therefore, we need only determine whether the trial court could properly conclude that defendant's conviction of the offense of felonious child abuse by the commission of any sexual act under N.C.G.S. § 14-318.4(a2) is an "aggravated offense" as defined in N.C.G.S. § 14-208.6(1a).[2]

---

2. In *Davison,* the Court opined: "The State argues that, should we limit the trial court's examination to the elements of the offense, we would render only four crimes 'aggravated offenses' for the purpose of this statute. We are aware of this limitation, but we are bound by principles of statutory interpretation and we must not enter the realm of the General Assembly to extend the scope of the statute." *See Davison,* —— N.C. App. at ——, ——, S.E.2d at ——. The four offenses that the State asserted could be "aggravated" under the "limitation" of an elements-based approach were: first-degree rape under N.C.G.S. § 14-27.2; second-degree rape under N.C.G.S. § 14-27.3; first-degree sexual offense under N.C.G.S. § 14-27.4; and second-degree sexual offense under N.C.G.S. § 14-27.5. However, since the *Davison* Court did not examine any of these four offenses under the rule of that case, we do not believe that this *dicta* should be deemed to control which conviction offenses are "aggravated offenses," and so undertake our analysis of whether the elements of the conviction offense of felonious child abuse by

N.C.G.S. § 14-318.4(a2) provides: "Any parent or legal guardian of a child less than 16 years of age who commits or allows the commission of any sexual act upon the child is guilty of a Class E felony." N.C. Gen. Stat. § 14-318.4(a2) (2009). Consequently, "[t]he essential elements of felonious child abuse under subsection (a2) are (1) the defendant is a parent or legal guardian of (2) a child less than 16 years of age, (3) who commits or allows the commission of *any sexual act* upon that child." *State v. Lark*, —— N.C. App. ——, ——, 678 S.E.2d 693, 700 (2009) (emphasis added), *disc. review denied*, —— N.C. ——, ——, S.E.2d —— (Jan. 28, 2010) (No. 325P09). In comparison, the statutory definition of "aggravated offense" requires that the offender (1) "engag[e] in a sexual act involving vaginal, anal, or oral penetration" (2) "with a victim of any age through the use of force or the threat of serious violence . . . [or] with a victim who is less than 12 years old." N.C. Gen. Stat. § 14-208.6(1a).

Thus, as defendant asserts in his brief and as the State concedes, an offender's conviction of felonious child abuse under N.C.G.S. § 14-318.4(a2) *may or may not* be a conviction which results from the commission of "a sexual act involving . . . penetration," which is required for an offense to be considered an "aggravated offense" under N.C.G.S. § 14-208.6(1a). In other words, without a review of "the underlying factual scenario giving rise to the conviction," which is prohibited under *Davison, see Davison*, —— N.C. App. at ——, ——, S.E.2d at ——, a trial court could not know whether an offender was convicted under N.C.G.S. § 14-318.4(a2) because he committed a sexual act involving penetration. In addition, while an "aggravated offense" is an offense in which the offender has "engag[ed] in" a specific type of sexual act, an offender may be convicted of felonious child abuse by the commission of any sexual act as a result of either "commit[ting]" any sexual act upon a child less than 16 years of age, *or* as a result of "*allow[ing] the commission*" of any sexual act upon

the commission of any sexual act fits within the statutory definition of "aggravated offense." *Compare* N.C. Gen. Stat. §§ 14-27.2(a)(1), 14-27.4(a)(1) (2009) (providing that an offender can be convicted of first-degree rape and first-degree sexual offense of a child when the victim is "under the age of 13 years"), *with* N.C. Gen. Stat. § 14-208.6(1a) (providing that, for an offense to be an "aggravated offense," the victim must be "less than 12 years old"); *compare* N.C. Gen. Stat. §§ 14-27.3(a)(2), 14-27.5(a)(2) (2009) (providing that an offender can be convicted of second-degree rape and second-degree sexual offense against a victim "[w]ho is mentally disabled, mentally incapacitated, or physically helpless" where the offender knows or "should reasonably know" that the victim is such), *with* N.C. Gen. Stat. § 14-208.6(1a) (providing that, for an offense to be an "aggravated offense," it must be committed against either (1) a victim "who is less than 12 years old," or (2) a victim of any age "through the use of force or the threat of serious violence").

such a child. *See* N.C. Gen. Stat. § 14-318.4(a2). Thus, by examining the elements of the offense alone, a trial court could not determine whether a person convicted of felonious child abuse by the commission of any sexual act necessarily "engag[ed] in" a specific type of sexual act *himself*. Further, if an offense does not involve engaging in a sexual act through the use of force or threat of serious violence, the offense can only be found to be an "aggravated offense" if it involves engaging in sexual acts involving penetration "with a victim who is less than 12 years old." *See* N.C. Gen. Stat. § 14-208.6(1a). However, felonious child abuse by the commission of any sexual act provides that the victim must be "a child less than 16 years of age." *See* N.C. Gen. Stat. § 14-318.4(a2). Since "a child less than 16 years" is not necessarily also "less than 12 years old," without looking at the underlying facts, a trial court could not conclude that a person convicted of felonious child abuse by the commission of any sexual act committed that offense against a child less than 12 years old. Therefore, in light of our review of the plain language of the statutes at issue, we must conclude that the trial court erred when it determined that defendant's conviction offense of felonious child abuse by the commission of any sexual act under N.C.G.S. § 14-318.4(a2) is an "aggravated offense" as defined under N.C.G.S. § 14-208.6(1a) because, when considering the elements of the offense *only* and not the underlying factual scenario giving rise to this defendant's conviction, the elements of felonious child abuse by the commission of any sexual act do not "fit within" the statutory definition of "aggravated offense." *See Singleton,* —— N.C. App. at ——, ——, S.E.2d at ——. Because we must conclude that defendant was not convicted of an "aggravated offense" in light of the rule in *Davison,* we must remand this matter to the trial court with instructions that it reverse its determination that defendant is required to enroll in a lifetime SBM program.

In light of our disposition, and since the trial court has already determined that defendant was neither classified as a sexually violent predator nor found to be a recidivist, we must conclude that the trial court's order requiring defendant to register as a sex offender for the duration of his natural life is also in error. However, this opinion does not preclude the trial court from ordering, on remand, that defendant register as a sex offender "for a period of 30 years."

Additionally, the trial court did not make findings with respect to item 5 in the "Findings" section of its order. However, the record indicates that the Department of Correction conducted a risk assessment on defendant and found that he "scored one point" and was deemed

to be "low risk." Therefore, even though it appears that the trial court could have found that defendant committed an offense that "involve[d] the physical, mental, or sexual abuse of a minor," since the record indicates that defendant does not "require[] the highest possible level of supervision and monitoring," we conclude that the court cannot now order defendant to enroll in a SBM program for a period of time to be specified by the court pursuant to N.C.G.S. § 14-208.40B(c).

Reversed and remanded.

Judges JACKSON and HUNTER, JR. concur.