STATE OF NORTH CAROLINA v. PEDRO JOSE MANUAL LUGO SANTOS

No. COA10-668

(Filed 15 March 2011)

### 1. Criminal Law— guilty plea—withdrawing—procedure

Whether a guilty plea was made knowingly and voluntarily was considered because of the length of defendant's sentences, even though he did not move to withdraw his plea and did not seek a writ of *certiorari.*

### 2. Criminal Law— guilty plea—knowing and voluntary

Defendant's guilty plea was knowing and voluntary based on a review of the record, despite defendant's argument that he did not have the time he needed to reflect on his decision.

### 3. Satellite-based monitoring— aggravated offense—first-degree sexual offense

The trial court erred by finding that a first-degree sexual offense was an aggravated offense for purposes of ordering lifetime satellite-based monitoring. First-degree sexual offense pursuant to N.C.G.S. § 14-27.4(a)(1) requires that the victim be under the age of 13, while an aggravated offense under N.C.G.S. § 14-208.6(1a) requires that the child be less than 12 years old.

Appeal by defendant from judgments entered 12 September 2008 by Judge Richard T. Brown in Hoke County Superior Court. Heard in the Court of Appeals 11 January 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Yvonne B. Ricci, for the State.*

*Paul Y. K. Castle for defendant-appellant.*

BRYANT, Judge.

Where the record reveals that defendant's guilty plea was knowing and voluntary, the trial court does not err in accepting the plea. However, where a trial court's determination that a defendant's eligibility for lifetime satellite-based monitoring under N.C.G.S. § 14-208.40A relies on the underlying facts giving rise to a conviction rather than on the elements of the offense, it errs and the order must be vacated.

*Facts*

Defendant Pedro Jose Manual Lugo Santos[1] was born in the Dominican Republic, but has lived in the United States since the age of six. He was born prematurely and suffered from learning disabilities requiring special education classes. At the time of his arrest, he was employed as a janitor. A psychological evaluation conducted after his arrest revealed mild depression and anxiety despite his medication. Testing revealed that defendant was functionally illiterate and showed symptoms of mild mental retardation. The psychologist concluded that he was competent to proceed with trial under certain conditions. Specifically, she concluded that he needed "extra time allowed for legal matters that require a decision on his part." Further, she noted that he might say he understood things when he did not and that additional careful questioning would be needed to assess his true comprehension. After his arrest, defendant was transferred to Central Prison because of "serious depression and psychotic symptoms, [and] auditory hallucinations." He was discharged back to the Hoke County Jail in August 2007 and was stable and showed no psychotic symptoms at that time.

On 14 January 2008, the grand jury returned indictments against defendant for one count of first-degree statutory sexual offense, sixteen counts of taking indecent liberties with children, and one count of crime against nature. Pursuant to a plea agreement, defendant pled guilty to all charges at the 12 September 2008 criminal session of Hoke County Superior Court. Because the offenses occurred over the course of several years, the trial court entered two judgments. The first judgment, sentencing defendant under the Fair Sentencing Act for one count of first-degree sexual offense, three counts of taking indecent liberties with children, and one count of crimes against nature, all with offense dates between 1988-1993, consolidated the convictions and imposed a sentence of life imprisonment. The trial court found the first-degree sexual offense for which defendant was convicted (N.C. Gen. Stat. § 14-27.4(a)(1)) to be an aggravated offense, and therefore, ordered that defendant, upon release from prison, be enrolled in a satellite-based monitoring program for life. The trial court sentenced defendant for the remaining offenses, with offense dates between 2004 and 2006, under the Structured Sentencing Act. The trial court consolidated two of the

---

1. The record contains a number of different names and spellings for defendant, including Emmanuel Jose Lupo Santos. However, pursuant to court practice we use the above name and spelling listed on the Judgment from which appeal is taken.

indecent liberties charges and sentenced defendant to sixteen to twenty months in prison. The trial court sentenced defendant to sixteen to twenty months for each of the remaining indecent liberties offenses. The trial court specified that the Structured Sentencing Act sentences were to run consecutive to each other and concurrently with defendant's life sentence under the Fair Sentencing Act. Defendant appeals.

---

On appeal, defendant argues the trial court committed reversible error in (I) accepting his guilty plea when it was not knowing and voluntary and (II) finding that first-degree sexual offense is an aggravated offense for purposes of ordering lifetime satellite-based monitoring.

*I*

[1] Defendant first argues that his guilty plea was not made voluntarily and knowingly. We disagree.

"A defendant's right to appeal a conviction is 'purely statutory.' " *State v. Corbett*, 191 N.C. App. 1, 3, 661 S.E.2d 759, 761 (quoting *State v. Shoff*, 118 N.C. App. 724, 725, 456 S.E.2d 875, 876 (1995), *affirmed per curiam*, 342 N.C. 638, 466 S.E.2d 277 (1996)), *affirmed per curiam*, 362 N.C. 672, 669 S.E.2d 323 (2008). " '[A] defendant who has entered a plea of guilty is not entitled to appellate review as a matter of right, unless the defendant is appealing sentencing issues or the denial of a motion to suppress, or the defendant has made an unsuccessful motion to withdraw the guilty plea.' " *Id.* (quoting *State v. Pimental*, 153 N.C. App. 69, 73, 568 S.E.2d 867, 870, *disc. review denied*, 356 N.C. 442, 573 S.E.2d 163 (2002)). Thus, a defendant does not have an appeal as a matter of right to challenge the trial court's acceptance of his guilty plea as knowing and voluntary absent a denial of a motion to withdraw that plea. *See* N.C. Gen. Stat. § 15A-1444(e) (2009).

Here, defendant did not move the trial court to withdraw his plea, and thus, is not entitled to an appeal of right regarding his plea. Nor has defendant sought a writ of certiorari as permitted under § 15A-1444(e). However, given defendant's lengthy sentences, we elect to treat his brief as a petition for writ of certiorari and address his contentions.

[2] "A plea of guilty involves the waiver of several fundamental rights, including freedom from self-incrimination and the right to a trial by jury. It is therefore imperative that guilty pleas represent a voluntary,

informed choice." *State v. Atkins*, 349 N.C. 62, 97, 505 S.E.2d 97, 119 (1998), *cert. denied*, 526 U.S. 1147, 143 L. Ed. 2d 1036 (1999). Section 15A-1022(a) requires that a trial court may not accept a guilty plea from a defendant without:

(1) Informing him that he has a right to remain silent and that any statement he makes may be used against him;

(2) Determining that he understands the nature of the charge;

(3) Informing him that he has a right to plead not guilty;

(4) Informing him that by his plea he waives his right to trial by jury and his right to be confronted by the witnesses against him;

(5) Determining that the defendant, if represented by counsel, is satisfied with his representation;

(6) Informing him of the maximum possible sentence on the charge for the class of offense for which the defendant is being sentenced, including that possible from consecutive sentences, and of the mandatory minimum sentence, if any, on the charge; and

(7) Informing him that if he is not a citizen of the United States of America, a plea of guilty or no contest may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

N.C. Gen. Stat. § 15A-1022(a) (2009). However, our State's courts have refused "to adopt a technical, ritualistic approach" in assessing the voluntariness of guilty pleas. *State v. Richardson*, 61 N.C. App. 284, 289, 300 S.E.2d 826, 829 (1983). Thus, the omission of this inquiry has been held to be harmless error if the record demonstrates that the defendant's plea was knowingly and voluntarily entered. *Id.*

In *Richardson*, for example, our Court found the defendants' guilty pleas voluntary, even though the trial court did not inform them of the mandatory minimum sentences they faced. *Id.* Instead, the Court held the pleas were voluntarily and intelligently given because "the trial judge questioned each defendant regarding the voluntariness of their pleas, and each stated their plea was given voluntarily. . . . and the trial judge's failure to comply strictly [with] N.C. Gen. Stat. § 15A-1022(a)(6) was not prejudicial error." *Id.*

Defendant contends that his guilty plea was not knowing and voluntary because it was the result of unreasonable and excessive

pressure by the State and the trial court. Specifically, he asserts that the trial court pressured him to accept the plea during a fifteen minute recess, denying him the time he needed to reflect on this important decision. We disagree and conclude that defendant's plea was knowing and voluntary.

At the beginning of proceedings on 12 September 2008, defendant's counsel informed the trial court and the State that defendant had decided to reject the plea offer. The trial court had the State recite the terms of the plea offer. The transcript reveals that the State had apparently made the plea offer some days before the in-court proceedings; defense counsel stated that a "[p]lea offer was extended from the State. . . . There's been communications back and forth." The trial court told the defendant to listen carefully and after the recitation, the trial court asked defendant if he understood the offer; defendant stated that he did. The trial court then recessed for fifteen minutes, requesting that defense counsel "let me know where everything stands" when court reconvened. When the trial court reconvened, defense counsel stated that defendant wanted to accept the plea offer. The trial court then went through a detailed colloquy, covering all of the points required by § 15A-1022(a) and going beyond its mandate. In addition to informing him of the maximum sentence to which he was exposed under the offenses, the court specifically asked defendant if he understood his plea arrangement, that he would receive a life sentence under Fair Sentencing and a concurrent sentence for the structured sentencing offenses, and whether defendant freely and voluntarily entered into the plea agreement of his own free will, and that he understood what he was doing. Defendant responded *yes* to these questions. The trial court also reviewed the evaluation of the psychologist who had examined defendant and noted that defendant needed simple explanations and repetition to comprehend the proceedings, and the trial court once again asked defendant if he had been able to understand all of the questions asked by the trial court, to which defendant responded, "yes sir." Based on our review of the record before us, we conclude that defendant's plea was knowing and voluntary.

## II

**[3]** Defendant next argues that the trial court erred in finding that first-degree sexual offense is an aggravated offense pursuant to N.C. Gen. Stat. § 14-208.6(1a) for purposes of ordering lifetime satellite-based monitoring ("SBM"). We agree.

As the State concedes, we have already resolved this issue and agreed with the defendant in *State v. Davison,* —— N.C. App.——, 689 S.E.2d 510 (2009), *disc. review denied,* —— N.C. ——, —— S.E.2d —— (2010). In that case, we held that "when making a determination pursuant to N.C.G.S. § 14-208.40A, the trial court is only to consider the elements of the offense of which a defendant was convicted and is not to consider the underlying factual scenario giving rise to the conviction." —— N.C. App. at ——, 689 S.E.2d at 517. Determination of a defendant's eligibility for SBM is controlled by N.C.G.S. § 14-208.40A, which provides, in pertinent part:

> (a) When an offender is convicted of a reportable conviction as defined by G.S. 14-208.6(4), during the sentencing phase, the district attorney shall present to the court any evidence that (i) the offender has been classified as a sexually violent predator pursuant to G.S. 14-208.20, (ii) the offender is a recidivist, (iii) the conviction offense was an *aggravated offense,* (iv) the conviction offense was a violation of G.S. 14-27.2A or G.S. 14-27.4A, or (v) the offense involved the physical, mental, or sexual abuse of a minor.

N.C. Gen. Stat. § 14-208.40A(a) (2009) (emphasis added).

Under N.C. Gen. Stat. § 14-208.6(1a), an "aggravated offense" is defined as:

> any criminal offense that includes either of the following: (i) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through the use of force or the threat of serious violence; or (ii) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim who is less than 12 years old.

N.C.G.S. § 14-208.6(1a) (2009). Our Court in *Davison* held that "[w]hen the language of a statute is clear and without ambiguity, it is the duty of [our Courts] to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *Davison,* —— N.C. App. at ——, 689 S.E.2d at 515 (quoting *State v. Abshire,* 363 N.C. 322, 329-30, 677 S.E.2d 444, 450 (2009)).

> Reviewing the plain language of the statute, it is clear that an 'aggravated offense' is an offense including: first, a sexual act involving vaginal, anal or oral penetration; and second, either (1) that the victim is less than twelve years old or (2) the use of force or the threat of serious violence against a victim of any age.

*Id.*

N.C. Gen. Stat. § 14-27.4 states that:

> (a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act: (1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim; or (2) With another person by force and against the will of the other person, and: a. Employs or displays a dangerous or deadly weapon . . . or b. Inflicts serious personal injury upon the victim or another person; or c. The person commits the offense aided and abetted by one or more other persons.

N.C.G.S. § 14-27.4 (2009). From our review of the plain language of the statutes at issue, we conclude that the trial court erred when it determined that first-degree sexual offense was an aggravated offense. First-degree sexual offense pursuant to N.C.G.S. § 14-27.4(a)(1) requires that the child victim be "under the age of 13," while an aggravated offense requires that the child be "less than 12 years old." *See* N.C.G.S. § 14-27.4(a)(1) and N.C.G.S. § 14-208.6(1a) (2009). "Clearly, [because] a child under the age of 13 is not necessarily also a child less than 12 years old. . . . we are obliged to hold that first degree sexual offense pursuant to N.C. Gen. Stat. § 14-27.4(a)(1) is not an aggravated offense." *State v. Treadway,* —— N.C. App. ——, ——, 702 S.E.2d 335, 348 (2010) (citation omitted).

> In other words, without a review of "the underlying factual scenario giving rise to the conviction," which is prohibited under *Davison,* a trial court could not know whether an offender was convicted under [N.C.G.S. § 14-27.4(a)(1) because he committed a sexual act with a child victim under the age of 13 or under the age of 12.]

*State v. Phillips,* —— N.C. App. ——, ——, 691 S.E.2d 104, 107 (2010) (internal citation omitted).

Therefore, the trial court erred in finding that defendant's first-degree sexual offense conviction was an aggravated offense as defined under N.C.G.S. 14-208.6(1a) because, "when considering the elements of the offense *only* and not the underlying factual scenario giving rise to this defendant's conviction, the elements of [first-degree sexual offense pursuant to N.C.G.S. § 27.4(a)(1)] do not 'fit within' the statutory definition of 'aggravated offense.' " *Id.* at ——, 691 S.E.2d at 108 (citation omitted). Accordingly, we vacate the trial court's

order finding defendant's conviction for first degree sexual offense pursuant to N.C.G.S. § 14-27.4(a)(1) to be an aggravated offense and requiring defendant to enroll in a satellite-based monitoring program for life. Further, because the trial court made no determination as to the other statutory factors that might compel defendant's enrollment in satellite-based monitoring for life, we remand for consideration of defendant's eligibility for satellite-based monitoring pursuant to any of the other categories described in N.C.G.S. § 14-208.40A.[2]

No error in part; sentence vacated in part; remanded in part.

Judges McGEE and BEASLEY concur.

---

2. We note defendant's assignments of error and arguments on appeal only challenge satellite-based monitoring as to first degree sexual offense. We also note that the printed record contains several judgments imposing satellite-based monitoring with respect to indecent liberties upon finding that the offense was an aggravated offense under N.C. Gen. Stat. § 14-208.6(1a). We further note that our courts have held that indecent liberties is not an aggravated offense, and thus not subject to lifetime satellite-based monitoring. *Davison,* —— N.C. App. at ——, 689 S.E.2d at 515. However, as these judgments were not assigned as error nor argued as such, they are taken as abandoned, and we will not review them on appeal. N.C. R. App. P. 28(b)(6) (2009).