STATE OF NORTH CAROLINA
v.
ANTOINE DAVIS

No. COA12-841

Filed 4 June 2013

**Criminal Law—guilty plea—plea agreement—informed choice— felonious breaking and entering—habitual felon**

The trial court did not err by accepting defendant's guilty plea to the charges of felonious breaking and entering and attaining habitual felon status even though defendant contended the plea agreement was not the product of an informed choice. Defendant's right to appeal from the trial court's order denying his motion to suppress the use of a prior conviction to establish his habitual felon status was not precluded as a matter of law.

Appeal by defendant from judgment entered 13 October 2011 by Judge Henry W. Hight Jr. in Wake County Superior Court. Heard in the Court of Appeals 12 December 2012.

*Attorney General Roy Cooper, by Special Deputy Attorney General Lisa G. Corbett, for the State.*

*Guy J. Loranger for defendant-appellant.*

BRYANT, Judge.

Defendant appeals from a judgment entered upon his guilty plea following denial of his motion to suppress. Defendant challenges this Court's jurisdiction to review his appeal from the trial court order denying his motion to suppress a prior conviction made prior to defendant's plea of guilty to the charges of felonious breaking or entering and attaining habitual felon status. After review, we find no error in the trial court's acceptance of defendant's guilty plea and its ensuing judgment.

On or about 11 July 2011, in Wake County Superior Court, defendant was indicted on the charges of felonious breaking or entering and attaining habitual felon status. Defendant's habitual felon indictment listed three prior felonies: second degree burglary, entered 18 April 1994 in Connecticut Superior Court; breaking or entering, entered 14 February 2006 in Wake County Superior Court; and attempted first degree burglary, entered 14 December 2007 also in Wake County Superior Court.

On 31 October 2011, defendant filed a motion to suppress the use of the 1994 Connecticut felony conviction for second degree burglary to establish defendant's habitual felon status. Defendant's personal affidavit was attached to the motion. That same day, the trial court entered an order denying defendant's motion.

Defendant subsequently entered into a plea agreement wherein defendant agreed to plead guilty to the charges of felonious breaking or entering and attaining habitual felon status. Defendant also reserved the right to appeal from the trial court order denying his motion to suppress. The trial court accepted defendant's guilty plea and entered judgment against him in accordance with the plea agreement. Following entry of judgment, defendant noted his appeal in open court "based on the denial of the motion to suppress."

---

On appeal, defendant argues that the trial court erred by accepting his guilty plea to the charges of felonious breaking and entering and attaining habitual felon status. Defendant contends that the plea agreement which included the reservation of defendant's right to appeal from the trial court's order denying his motion to suppress, was not the product of an informed choice. Defendant argues that he entered into the plea agreement having reserved the right to appeal from the trial court order denying his motion to suppress the admission of a prior felony conviction. Defendant argues that because this Court lacks the jurisdiction to review the trial court order denying his motion to suppress either by statutory right or writ of certiorari, he cannot receive the benefit of

his bargain, and the judgment entered pursuant to the plea agreement must be vacated. We disagree.

"A defendant's right to appeal a conviction is purely statutory." *State v. Santos*, 210 N.C. App. 448, 450, 708 S.E.2d 208, 210 (2011) (citation and quotations omitted). Pursuant to North Carolina General Statutes, sections 15A-1444 and 15A-979, a defendant may appeal a trial court's denial of a motion to suppress when the defendant has entered a plea of guilty. *See* N.C. Gen. Stat. § 15A-1444(e) (2011) ("[e]xcept as provided [in pertinent part] in . . . G.S. 15A-979 [(Motion to suppress evidence in superior and district court; orders of suppression; effects of orders and of failure to make motion)], . . . the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court . . . ."). Pursuant to General Statutes, section 15A-979, "[a]n order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty." N.C. Gen. Stat. § 15A-979(b) (2011); *see also, State v. Reynolds*, 298 N.C. 380, 397, 259 S.E.2d 843, 853 (1979) ("[W]hen a defendant intends to appeal from a suppression motion denial pursuant to G.S. 15A-979(b), he must give notice of his intention to the prosecutor and the court before plea negotiations are finalized or he will waive the appeal of right provisions of the statute.").

Citing N.C.G.S. § 15A-1444, defendant notes that appellate review as a matter of right is precluded when a defendant has entered a plea of guilty in the superior court "[e]xcept as provided [in pertinent part] in . . . G.S. 15A-979[.]" N.C.G.S. § 15A-1444(e). Defendant also acknowledges that N.C.G.S. § 15A-979 provides a right to appeal a trial court's denial of a motion to suppress evidence upon appeal from a judgment of conviction entered upon a guilty plea. *See* N.C.G.S. § 15A-979(b). However, defendant contends that because his motion to suppress was made pursuant to N.C. Gen. Stat. § 15A-980 ("Right to suppress use of certain prior convictions obtained in violation of right to counsel"), this Court lacks jurisdiction to review the trial court's denial of defendant's motion to suppress the use of his prior conviction as section 15A-980 does not specifically provide a right to appeal from a trial court's denial of a motion to suppress.

Defendant cites the doctrine of *expressio unius est exclusio alterius*, "the expression of one thing is the exclusion of another[,]" as the basis for his argument that there is no right to appeal from the denial of a motion to suppress made pursuant to G.S. § 15A-980. *See Baker*

*v. Martin*, 330 N.C. 331, 337, 410 S.E.2d 887, 890-91 (1991) (discussing the doctrine of *"expressio unius est exclusio alterius"* as it applies to interpreting our State Constitution). Defendant also distinguishes G.S. § 15A-980 from G.S. § 15A-979. Defendant points out that pursuant to G.S. 15A-980, a defendant has the right to suppress a prior conviction obtained in violation of his right to counsel

> if its use by the State is to impeach the defendant or if its use will:
>
> (1) Increase the degree of crime of which the defendant would be guilty; or
>
> (2) Result in a sentence of imprisonment that otherwise would not be imposed; or
>
> (3) Result in a lengthened sentence of imprisonment.

N.C.G.S. § 15A-980(a). However, defendant contends that because this statute does not allow a trial court to suppress the prior conviction for all purposes, he "could not have sought appellate review of the trial court's denial of his motion to suppress the State's use of his 1994 Connecticut conviction as a matter of right."

We note that defendant does not make a substantive argument on appeal that the trial court erred in denying his motion to suppress the prior conviction, and therefore, we do not directly address it. Instead, defendant challenges the trial court' acceptance of his guilty plea, stating it "was not the product of an informed choice." He argues that due to the interplay of the statutes discussed, this Court cannot have jurisdiction to hear an appeal from the denial of his motion to suppress made pursuant to N.C. Gen. Stat. § 15A-980, and therefore, his plea bargain must be vacated. We are not persuaded by defendant's argument that this Court lacks jurisdiction to review the trial court's 31 October 2011 order denying defendant's motion to suppress made prior to his plea of guilty: defendant reserved the right to appeal the trial court's 31 October 2011 order denying his motion to suppress prior to the finalization of plea negotiations; and gave notice of appeal following entry of judgment of conviction. General Statutes, section 15A-979 provides an appeal of right from such an order. N.C.G.S. § 15A-979(b) ("An order finally denying a motion to suppress evidence may be reviewed upon an appeal from a judgment of conviction, including a judgment entered upon a plea of guilty."); *see also*, N.C.G.S. § 15A-979 commentary ("This provision is intended to prevent a defendant whose only real defense is the motion to suppress from going through a trial simply to preserve his right of appeal.").

In his motion to suppress, defendant cites General Statutes, section 15A-980 as the basis upon which his motion should be granted; however, section 15A-980 does not contradict section 15A-979 which allows a defendant to reserve his right to appeal from a trial court order denying his motion to suppress. *See* N.C.G.S. § 15A-979(b); *see also, State v. Fulp,* 355 N.C. 171, 558 S.E.2d 156 (2002) (where our Supreme Court conducted a full review of the trial court's denial of the defendant's motion to suppress the use of his prior conviction made pursuant to N.C.G.S. § 15A-980 after the defendant pled guilty pursuant to a plea agreement and reserved his right to appeal the trial court's ruling). Therefore, defendant's right to appeal from the trial court's 31 October 2011 order denying his motion to suppress the use of a prior conviction to establish his habitual felon status was not precluded as a matter of law. Accordingly, defendant's argument is overruled.

No error.

Judges CALABRIA and GEER concur.